[No. 14920.   Department One. — February 20, 1893.]

## SARAH R. BURBRIDGE, APPELLANT, *v.* P. H. LEM-MERT, RESPONDENT.

MORTGAGE — AGREEMENT OF MORTGAGOR TO PAY TAXES — CONSTRUCTION OF MORT-GAGE — VOID OPTION TO FORECLOSE FOR NON-PAYMENT OF INTEREST. — Where at the time of the execution of a note and mortgage, and as part thereof, an express stipulation is signed by the mortgagor agreeing to pay all taxes assessed on the mortgage, which is prepared with distinct care and deliberation, and which a surety is required to sign, leaving no doubt of the intention of the parties, the fact that the body of the mortgage authorizes the mortgagor to protect the mortgaged property and pay the taxes thereon "other than the taxes of this mortgage or the money thereby secured," is not necessarily inconsistent with the language of the express stipulation, which must be construed together with it, and the express and unequivocal agreement that the mortgagor shall pay all the taxes upon the mortgage, renders the note and mortgage unlawful and null and void as to the payment of any interest specified therein, and such mortgage cannot be foreclosed in advance of the maturity of the note, under a clause making it due and payable upon non-payment of interest at the option of the holder of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. A. Donnell,* for Appellant.

It was clearly the intention of the parties to the mortgage that the mortgagee should pay the taxes on the mortgage and the contract should be so interpreted. (Civ. Code, secs. 1636–1639, 1643; *Brown* v. *Slater,* 16 Conn. 192; 41 Am. Dec. 136; *Coyne* v. *Weaver,* 84 N. Y. 386; *Lessley* v. *Phipps,* 49 Miss. 790; *Crittenden* v. *French,* 21 Ill. 598; *Saunders* v. *Clark,* 29 Cal. 300.)

*J. W. Swanwick,* and *A. W. Hutton,* for Respondent.

The agreement to pay the mortgage tax rendered the agreement as to interest void. (Const., art. XIII., sec. 5.) The attempted device of taking the agreement on a separate sheet of paper was futile. (3 Parsons on Contracts, pp. 112, 113, and notes; *Brickell* v. *Batchelder,* 62 Cal. 632; Civ. Code, sec. 1642.)

Vancliff, C. — Action to foreclose a mortgage on real property to secure the payment of a promissory note, dated January 29, 1889, for twelve thousand dollars, made by defendant, payable to plaintiff, or order, five years after date, with interest at the rate of ten per cent per annum, payable annually, and if not so paid annually, then the whole principal and interest to become immediately due and payable at the option of the holder of the note.

The defendant failed to pay interest for the first year, and about six months after it became due (September 1, 1890) this action to foreclose for both principal and interest was commenced.

The answer of the defendant denied that the principal or any interest thereon had ever become due on said note or mortgage, by reason of facts affirmatively alleged in the answer as follows: —

"For a second and separate defense the defendant alleges: That at the city and county of Los Angeles, California, on the twenty-ninth day of January, 1889, at the time of the execution of the note and mortgage set forth in the complaint, the plaintiff demanded of the defendant the execution of the agreement hereinafter set forth as a part of the said note and mortgage, and in accordance with said demand the defendant with the said

W. C. Furrey, at said city, on said twenty-ninth day of January, A. D. 1889, at the time of the execution of said note and mortgage, and as a part thereof made, executed, and delivered to the plaintiff, an agreement in writing and in the words and figures following, to wit:—

"SOUTHERN CALIFORNIA NATIONAL BANK, }
"LOS ANGELES, CAL., Jan. 29, 1889. }

"It is hereby agreed by P. H. Lemmert, as principal, and W. C. Furrey, surety, that in consideration of Mrs. Sarah R. Burbridge lending P. H. Lemmert twelve thousand ($12,000) dollars at ten per cent interest, we, the undersigned, agree to and bind ourselves and our assigns and heirs to pay all taxes of whatever nature which may be assessed against said mortgage of twelve thousand ($12,000) dollars, and that Mrs. Sarah R. Burbridge or her assigns shall be to no costs or expense on account of taxes on said mortgage.

"P. H. LEMMERT, Principal.
"W. C. FURREY, Surety.

"Witness: H. M. RUSSELL."

The court found all these affirmative allegations in the answer to be true; and, as a conclusion of law therefrom, found: "That the written agreement set forth in defendant's answer was and is in contravention of section 5 of article XIII. of the constitution of this state, and renders null and void all the provisions of the said note and mortgage as to the payment of any interest specified therein"; and, consequently, that no interest ever accrued or became due, so as to give plaintiff the right by election to treat the principal as due prior to the expiration of five years from the date of the note, and thereupon rendered judgment dismissing plaintiff's complaint.

The plaintiff appeals from the judgment, and also from an order denying a new trial.

1. It is contended by counsel for appellant that the findings of fact as to the instrument set out in the answer by which the defendant agreed to pay the taxes on the mortgage, are not justified by the evidence. It is claimed that this instrument was not demanded nor authorized by plaintiff; and was not executed at the same time the note and mortgage were executed, nor as a part of the same transaction. Upon these issues the evidence is

conflicting, but the preponderance thereof seems to be in favor of the respondent, and amply sufficient to justify the findings of the court. The evidence touching these issues covers seventy-five pages of the transcript, and cannot fairly be so condensed as not to occupy more than reasonable space in this opinion; and for this reason a statement of it is omitted.

2. The mortgage contains the same provision as the note as to the consequence of a failure to pay the annual interest; and also authorized the mortgagee, if necessary, to protect the mortgaged property, to insure it, and to pay the taxes thereon, "other than the taxes of this mortgage or the money hereby secured"; and provides that the sums so paid, with interest at the same rate, shall be deemed to be secured by the mortgage. Counsel for appellant contends that the express exception of the taxes on the mortgage from the taxes which the mortgagee may pay and recover from the mortgagor with conventional interest, is inconsistent with a stipulation in the same mortgage, that the mortgagor is, nevertheless, to pay the taxes on the mortgage; that is to say, it is inconsistent for mortgagor and mortgagee to agree that the mortgagee may pay the taxes on the interest of the mortgagor in the land and recover it back with interest, and at the same time agree that the mortgagor shall pay the taxes on the mortgagee's interest in the land.

That the latter part of the agreement is unlawful is clear; but that the two parts of the agreement are necessarily inconsistent with each other, I am unable to perceive. But however this may be, all the provisions of the mortgage, including the concurrent agreement that the mortgagor should pay the taxes on the mortgage, must be read together, and seeming inconsistencies reconciled if they can be without violence to the language, for the purpose of ascertaining the intention of the parties. If, when thus read and construed, the intention be found to be clear and certain, such intention must prevail, though the agreement be thereby rendered unlawful.

The agreement that the mortgagor should pay the taxes on the mortgage was prepared with distinct care and deliberation and a surety was required to sign it; and its language is so unequivocal and certain as to the intent that the mortgagor

should pay the taxes on the mortgage, that there is no doubt that such was the intention of the parties.

This view of the case renders all other points discussed by counsel immaterial.

I think the judgment and order should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.