## DAW v. NILES et al.*

### No. 19,140; August 25, 1893.

#### 33 Pac. 1114.

**Parol Evidence—Illegality of Contract.—In an Action to Foreclose** a mortgage given by defendant to secure a note for money loaned to him by plaintiff, defendant may show by parol evidence that at the time of executing the note and mortgage it was agreed, as part of the same transaction, that defendant should pay all taxes levied on the money loaned, or on the mortgage, but that the agreement was purposely omitted from the mortgage, in order to evade Constitution, article 13, section 5, which provides that imposing such an obligation on a borrower shall avoid the contract, as to any interest specified therein, as such parol evidence tends to "establish illegality" of the contract, within Code of Civil Procedure, section 1856, prescribing when such evidence is admissible to affect a writing.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by George W. Daw against William Niles and John B. Niles to foreclose a mortgage. There was a judgment for plaintiff and defendants appeal. Reversed.

A. W. Hutton and Minor & Woodward for appellants; Albert M. Stephens for respondent.

VANCLIEF, C.—Action to foreclose a mortgage executed by defendants to secure their promissory note to plaintiff for $10,000, with interest at seven per cent per annum, and payable ten years after date; the interest, if not paid annually, to be compounded. The note further provides that, if the interest is not paid annually, "then the whole sum of principal and interest shall become immediately due and payable, at the option of the holder." The note was given for money loaned. The mortgage, of the same date as the note (July 1, 1887), contains a copy of the note, and provides that "in case of default in payment of the same [the note], or of any installment of the interest thereon, when due, the mortgagee may foreclose this mortgage, and may include in

*For subsequent opinion in bank, see 104 Cal. 106, 37 Pac. 876.

such foreclosure a reasonable counsel fee, to be fixed by the court, together with all payments made by the mortgagee for taxes on said premises, other than the taxes on this mortgage, or the money secured thereby. . . . . '' The defendants having made default in the payment of interest, the plaintiff exercised his option by electing to consider both principal and interest due, and commenced this action on March 27, 1891. The defendants pleaded as a defense to the action that at the time of the execution of the note and mortgage, and as a part of the same contract and of the same transaction with the making of the note and mortgage, it was agreed by and between the plaintiff and defendants that the defendants ''should and would pay and discharge all taxes and assessments which might be assessed or levied upon said money so loaned by plaintiff to defendants, and on said mortgage, or on either said money or mortgage, anything in the said promissory note or mortgage to the contrary notwithstanding, and that said agreement was knowingly made and omitted from said mortgage with intent to evade the provisions of section 5 of article 13 of the constitution of this state.'' And by reason of this agreement defendants deny that any interest ever became due or payable on the note, and, as a conclusion of law, claim that the action was prematurely commenced. The decree was in favor of the plaintiff, foreclosing the mortgage for the full amount of principal, with compound interest. The defendants appeal from the judgment on the judgment-roll, containing a bill of exceptions showing that defendants offered to prove the alleged contemporaneous agreement to pay the taxes and assessments on the mortgage by oral evidence, which was rejected by the court on the ground that such agreement could be proved only by written evidence, and the defendants excepted to this ruling of the court. Counsel for appellants contend that the court erred in rejecting the proffered oral evidence to prove the alleged agreement, and this raises the only question that need be considered.

The only substantial difference between this case and the late case in this court of Burbridge v. Lemmert, 99 Cal. 493, 32 Pac. 310, is that in that case the concurrent agreement to pay the taxes on the mortgage was in writing. In that

case it was held that the written agreement was in contravention of section 5 of article 13 of the constitution of this state, and subjected the mortgagee to the penalty denounced by that section, namely, that the note and mortgage, as to any interest specified therein, ''shall be null and void,'' and, consequently, that no interest ever accrued or became due, and the failure of the mortgagor to pay the interest specified in the note or mortgage was not such a default as entitled the mortgagee to treat the principal as due before the expiration of the term of credit expressed in the note (in this case ten years after the date of the note). I think the court erred in rejecting evidence of that part of the contract which was oral. The ''contract,'' in the sense of section 5, article 13, of the constitution, existed as an entirety, independently of any writing, though parts of that contract were evidenced by writing. Indeed, writing is no part of any contract, though it is often made evidence of contracts; and, according to some general rules, certain classes of contracts can be proved only by written evidence, but to all these general rules there are exceptions. As an example in point here, section 1856 of the Code of Civil Procedure provides: ''When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore, there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: '(1) Where a mistake or imperfection of the writing is put in issue by the pleadings. (2) Where the validity of the agreement is the fact in dispute; but this section does not exclude other evidence . . . . to establish illegality or fraud.' '' In this case the express and only object of proving that part of the contract which is alleged to have been omitted from the writing for the purpose of evading the constitution was to show the illegality, and consequent nullity, of the note and mortgage, ''as to any interest specified therein'': See, also, Wharton on Evidence, sec. 935; Greenleaf on Evidence, sec. 284; Buffendeau v. Brooks, 28 Cal. 641. The purpose of section 5 of article 13 of the constitution, so far as it goes, is on a line with the object of the usury laws of other states, and therefore the decisions of other states in respect to attempted evasions of usury laws are more or less

applicable to this case. Of these, the following seem very aptly in point: Clark v. Badgley, 8 N. J. L. 233; Stein v. Swensen, 46 Minn. 360, 24 Am. St. Rep. 234, 49 N. W. 55. I think the judgment should be reversed and the cause remanded for a new trial.

We concur: Temple, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded for a new trial.