[No. 4763.]

## MARK AGER *v.* R. L. DUNCAN.

PROMISSORY NOTE.—If A. and B. enter into partnership, and B. is to furnish one thousand dollars as his part of the capital, and B. hands the money to C. to deliver to A., and A. when he receives it gives C. his promissory note for it, the note is given without consideration.

ENFORCING FRAUDULENT CONTRACT.—If an action is commenced on a note given and received with an intent to defraud creditors, as soon as the fraud is made to appear, the court will refuse to enforce payment, and will leave the parties as they were, no matter which party first exposes the fraud.

COURTS WILL NOT AID A FRAUD.—A court will not enforce an executory contract founded on the mutual turpitude of the parties, and if the contract has been executed, it will not aid either party to escape its consequences.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Action on the following promissory note:

"One day after date, for value received, I promise to pay to Mark Ager or order, the sum of six hundred and fifty dollars in U. S. gold coin, to bear interest at one per cent. per month, until paid.

                                                    "R. L. DUNCAN.

"SAN FRANCISCO, December 3, 1873."

The court below found the following facts:

"3. That the money for which said note was given was not the money or property of plaintiff, but of one B. C. Quigley, by whom it was given to plaintiff for the purpose of paying it over to defendant, which plaintiff did on the same day he received it.

"4. That defendant and said Quigley were co-partners in business, and the said sum of money for which said note was given was a part of one thousand dollars which Quigley agreed to furnish towards the capital stock of said co-partnership business, as his, Quigley's, share thereto, and was used in said business.

"5. That defendant was induced to give said note by and upon the representations of said Quigley, that he, Quigley, was in debt, and was fearful his creditors would annoy him and break up and ruin said partnership business if they knew he, Quigley, was interested and had capital invested therein; and that it was verbally agreed by and between defendant and said Quigley, at the time of signing said note, that said note was never to be paid, of which representations and agreement plaintiff had full knowledge at the time said note was given.

"6. That said note was given without any consideration whatever, other than as above stated.

"7. That a short time before said promissory note was given, said Quigley had made an assignment of all his property to his creditors, and it does not appear from the evidence, or otherwise, that there were any legal claims against him at the time said note was given."

The court rendered judgment for the plaintiff, and the defendant appealed.

*J. G. Severance and Ed. M. Martin,* for the Appellant.

"A party cannot come into court with a fraud upon his lips, and obtain relief," says this Court in *Gregory* v. *Haworth* (25 Cal. 653), and we cannot conceive that it makes any difference whether the fraud is disclosed by the complaint, as in that case, or by the answer sustained by the proofs, as in this. It is simply the fact of fraud that shuts

the-door in the face of a party thereto, and it matters not how, when or where his guilt is shown.   It is respondent alone who seeks relief in this action; appellant's appearance is a forced one, and he simply asks that respondent be not allowed to take advantage of his own wrong, and that the court shall refuse its aid to the perpetration of a double fraud.

*W. H. Allen,* for the Respondent.

The only argument in this case is this: Can the defendant make and deliver his promissory note to the plaintiff, and then avoid its payment on the plea that he loaned himself as an instrument to the plaintiff and Quigley to cover up and conceal the money from Quigley's creditors?   In the language of Mr. Justice Story, "In fraud of the rights and interests of third persons." (Story on Promissory Notes, Sec. 189.)

By the Court:

1. It appears from the findings-that the-note-sued-upon was without consideration.

2. It does not appear that Quigley had any creditors to be defrauded.   On the contrary, the inference from the seventh finding is that he had none.   But if it be assumed that he had creditors, and that the note was given for the purpose of concealing from them the fact that he had an interest in the co-partnership, the findings show that Quigley and the plaintiff were in *pari delicto* in the fraudulent intent. The contract is executory, and the action is to enforce payment of the note given with this fraudulent intent.   In such cases it is immaterial by which of the parties the fraudulent nature of the contract is disclosed to the court.   As soon as the fraud is made to appear by either of the parties, the court will refuse to interfere, and leave them as they were. In other words, it will not enforce a contract founded on the mutual turpitude of the parties to it.   And for the same reason, if the contract has been executed, the court will not aid either party to escape its consequences. (Chitty on Contracts, pp. 729, 730, 731, and authorities there cited;

*Bailey* v. *Taber,* 5 Mass. 296; *Wheeler* v. *Russell,* 17 Mass. 258; *Farrar* v. *Burton,* 5 Mass. 395; *Holman* v. *Johnson,* 1 Cowp. 343; *Parsons* v. *Thompson,* 1 H. Bl. 322; *Roll* v. *Raguet,* 4 Ohio, 400.)

Judgment reversed and cause remanded, with an order to enter judgment for the defendant.