[No. 11123.   Department Two.—November 20, 1885.]

SARAH ALTHEA SHARON, RESPONDENT, *v.* WILLIAM SHARON, APPELLANT.

PLEADING — PROMISSORY NOTE — ILLEGALITY OF CONSIDERATION.— In an action on a promissory note, a defense that the consideration therefor was illegal must be specially pleaded in the answer, if the complaint does not disclose the illegality.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Oliver P. Evans*, and *W. H. L. Barnes*, for Appellant.

The illegality of the consideration of the note was not required to be specially pleaded. (*Oscanyan* v. *Winchester Repeating Arms Co.*, 103 U. S. 261; *Craig* v. *Missouri*, 4 Pet. 425; *Prost* v. *More*, 40 Cal. 348.)

*Tyler & Tyler*, and *D. S. Terry*, for Respondent.

The illegality of the consideration, if relied on as a defense, should have been specially pleaded. (*Gushee* v. *Leavitt*, 5 Cal. 160; S. C., 63 Am. Dec. 116; *Dickson* v. *Buck*, 6 Ark. 415; Bliss on Code Pleading, sec. 330; *Dubois* v. *Hermance*, 56 N. Y. 673.)

MYRICK, J:—Action on an agreement in writing. The agreement is in the following words:—

"PALACE HOTEL, SAN FRANCISCO, Nov. 7, 1880.

"I hereby agree to pay Miss S. A. Hill two hundred and fifty dollars for each and every month of the year A. D. 1883.                    WM. SHARON."

The defendant admitted the execution and delivery of the writing to plaintiff, and that he had not paid the installments alleged to be due for October, November, and December, 1883; and averred that (to induce plaintiff to desist from making unwelcome visits and annoying and disturbing him in his rooms, and on the consideration that she would cease to disturb or annoy him, or make any de-

mands upon him, he promised to pay her seven thousand five hundred dollars, and in pursuance of that promise he paid her three thousand dollars, gave her his note for fifteen hundred dollars, which has been paid, and gave her the paper set out in the complaint.) The answer contains the statement that the defendant "denies that there ever was any consideration for the note" sued on.

The case comes up on the judgment roll, without the evidence. The court found: —

"That said instrument was given by defendant to the plaintiff in consideration of past illicit intercourse between them, and also in consideration of a promise then and there made by plaintiff to defendant to make no further demand upon defendant, and not to further annoy him in any manner, and also in consideration of the following instrument in writing: —

"'Received of William Sharon seven thousand five hundred dollars, in full of all claims and demands of every name, nature, and character.          S. A. HILL.'"

The defendant, on this appeal, presents the point that, as the court found a portion of the consideration to be past illicit cohabitation, the entire contract is void under sections 1607, 1667, and 1608, Civil Code; and after claiming that the illegality of the consideration was sufficiently pleaded by the denial of any consideration, cites *Oscanyan* v. *Winchester Repeating Arms Co.*, 103 U. S. 261, as authority that the defense need not be specially pleaded, but could be interposed under the general issue.

It doubtless has been and is the rule, that a contract in consideration of future illicit cohabitation is void. It seems to have been the rule formerly, that a contract, under seal, for past illicit cohabitation, could not for that reason be avoided; but that a written contract, not under seal, could be avoided. The distinction may perhaps have been done away with by the code.

In commenting on a contract under seal, it is said in 1 Story on Contracts, sec. 541: "The contract [for past

acts] is done, and may otherwise be remediless; and there is no principle of law which forbids a party to redress a past injury, or atone for a wrong which he has already committed"; and the writer continues: "If the consideration be illegal, the contract may be avoided by a proper plea, even though it be a specialty, and the illegality be not apparent on the face of the instrument."

Without deciding that a contract to pay money for past illicit cohabitation can be enforced or avoided under a proper plea, we are of opinion that the defense was not pleaded in this case, and was not in the issues, and the finding of the court in that respect should therefore be disregarded.

The case of *Oscanyan* v. *Winchester Repeating Arms Co.*, above cited, was decided on the plaintiff's statement, and the points involved were necessarily presented by him in endeavoring to make out a case; and it was held that he could not recover. The necessity of pleading the defense by the defendant was not in any manner involved in the case.

In the case at bar, there is nothing in the case as stated in the complaint to suggest any illegal consideration; the defendant admitted the execution and delivery of the writing, and stated the consideration to be that she should cease to disturb or annoy him, or make any demands upon him. The defendant doubtless studiously avoided pleading illicit cohabitation. He was, under our system of pleading, bound by the omission, and it was not competent for him to give in evidence the matters omitted.

The judgment is affirmed.

Ordered that this judgment be entered as of November 12, 1885.

MORRISON, C. J., and THORNTON, J., concurred.