[No. 13167.   Department One. — February 25, 1890.]

JOHN A. GRAHAM, RESPONDENT, v. MARY E. LAR-
IMER, APPELLANT.

83   173
99   195

PROMISSORY NOTE — ILLEGALITY OF CONSIDERATION — WANT OF NOTICE —
FINDINGS — ASSUMPTION OF SUFFICIENCY. — In an action upon a prom-
issory note which defendant alleged was signed on a void, illegal, and
invalid consideration, the consideration being the payee's promise not to
prosecute her brother for a crime, and to keep the crime secret, a failure
to find specifically upon the illegality of the consideration is not mate-
rial, if counsel on both sides assume or concede that findings to the effect
that neither plaintiff nor his indorser had notice of the want of consid-
eration or invalidity of the note, are equivalent to a finding that the
consideration was illegal.   Such assumption or concession of the suffi-
ciency of the findings as to illegality of the consideration must have
effect for all purposes of the appeal.

ID. — BONA FIDE PURCHASE OF NOTE — NOTICE OF ILLEGALITY — PRE-
SUMPTION. — When the defendant has proved or the plaintiff has con-
ceded that the consideration for a promissory note upon which the
former is sued by an indorsee thereof is illegal, a *prima facie* case of no-
tice to the indorsee of the illegality of the consideration is thereby made.

ID. — PURGING NOTE OF ILLEGALITY — RIGHTS OF SECOND INDORSEE WITH
NOTICE — FINDING NOT EXCEPTED TO — IMMATERIAL FINDING. — The
assignee of a *bona fide* indorsee of a note for value without notice of its
illegality may recover upon the note, even though the assignee had such
notice; and where it is found that the first indorsee of a note had no
notice of the illegality, and such finding is not excepted to, a finding
that the plaintiff, who purchased the note from the first indorsee, had no
notice becomes immaterial.

ID. — EVIDENCE — CROSS-EXAMINATION OF PRIOR INDORSEE. — Where a
first indorsee, who was the assignor of plaintiff, has testified that he
purchased the note in question for a valuable consideration, it is proper
cross-examination to question him as to whether he knew it was executed
for an illegal consideration at the time he bought the note, and that all
persons had been warned by the maker of the note by a newspaper no-
tice not to purchase it, on the ground of illegal consideration; and the
fact that the testimony in chief of such witness was intended to meet
and avoid the anticipated defense, and was therefore out of its proper
order, makes no difference as to such right of cross-examination.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. Burrows*, for Appellant.

*Caldwell & Little*, for Respondent.

VANCLIEF, C. — Suit on a promissory note dated June 2, 1888, made by defendant, payable *on demand* to James Ward or order.

The note was twice assigned before June 4, 1888; first, by Ward to George Lord, and second, by Lord to plaintiff, who demanded payment on June 4, 1888.

Among other defenses, the defendant pleaded "that said promissory note was signed on a void, illegal, and invalid consideration, in support of which she shows that on June 2, 1888, said James Ward was about to prosecute one Robert Larimer — brother of defendant — on a charge of felony; that said Ward then and there promised and agreed with defendant that if she would sign said note that he would refrain from such prosecution, and keep silent as to the alleged crime; that in consideration of his so doing, at his request the said defendant signed the said promissory note."

The answer further alleges that each of the assignees of the note had notice of the character and illegality of the consideration at the time of the assignment of the note to him.

Judgment was rendered for the plaintiff for the full amount of principal and interest of the note, and for costs, from which, and from an order denying her motion for a new trial, the defendant appeals.

The third finding of the court is, that at the time of the assignment to him "Lord had no notice or knowledge of any want of consideration for or invalidity in or to the inception or making of said note."

The fourth finding is, "that said plaintiff had no notice or knowledge of any fact or facts or acts of any person tending to impeach or in any way affect the validity of said note at the date of his said purchase."

But there is no finding of what was the consideration for the note, nor of whether or not the consideration was such as it was alleged to be in the answer of the defendant, although there was evidence bearing directly

upon this issue.   On her own behalf the defendant tes-
tified "that she gave the note to Ward for the sole
consideration of his promising to keep quiet about a
burglary that Ward claimed had been committed in his
cabin by a brother of the defendant.   Ward had agreed
that if such note was given to him that he would keep
silent about the crime."   P. H. Paynter, on behalf of
defendant, testified "that he drew the note for Ward,
and that at the time Ward told him it was to be given
to prevent the prosecution of defendant's brother for
burglary."

The only evidence against this is the testimony of
Ward, who said " that he took the note in payment and
for the money her brother took from him, and never
agreed not to prosecute her brother."

1. The appellant contends that the judgment should
be reversed for want of a finding as to what was the con-
sideration, and whether or not it was as was alleged in
the answer.   On the other hand, counsel for respondent
contends that the third and fourth findings as to want
of notice to the assignees of the note, Lord and plaintiff,
supersede the necessity of any finding as to what the
consideration was; that is, as I understand counsel, that,
admitting that the only consideration for the note was
the promise of Ward not to prosecute defendant's brother
for burglary, and to keep secret the fact of the crime,
yet if the assignees of the note took it for value and
without notice of what was the original consideration,
the plaintiff was entitled to recover, and that the defend-
ant is not injured by the want of a finding, which would
have been no defense to the action.

Admitting that the court found that Lord and plaintiff
paid value for the note, and had no notice that the con-
sideration was the promise of Ward not to prosecute
defendant's brother for burglary, or to keep the crime
secret, I think the position of respondent's counsel would
be correct under sections 3122 and 3123 of the Civil

Code; but it seems extremely doubtful, to say the least, whether or not the third and fourth findings mean that Lord or plaintiff had no notice of the *facts* that the consideration was a promise of Ward not to prosecute, etc., or a promise to keep the crime secret.

The finding that Lord had no notice " of any want of consideration" or "invalidity" of the note, and the finding that plaintiff had no notice of " any fact tending to impeach or affect the validity of the note," if not pure conclusions of law, are not necessarily equivalent to findings that the consideration of the note was a promise of Ward not to prosecute defendant's brother for the crime of burglary and to keep the crime secret, since a " want of consideration " and "invalidity" of the note may be inferences properly or improperly drawn from other and different facts; and the finding that plaintiff had no notice of any fact " tending to impeach or affect the validity of the note " may have proceeded from a mistaken view of the law as to what facts would or would not tend to impeach or affect the validity of the note. Again, the third and fourth findings expressly refer and apply only to " *want* of consideration " and " invalidity " of the note, although the material issue is taken upon allegations of fact constituting an illegal consideration; and the distinction between mere " want of consideration " and an illegal consideration is obvious, and, as will hereafter appear, becomes important in this case. But as counsel on both sides tacitly assume that the third and fourth findings are equivalent to findings that plaintiff and Lord had no notice that the consideration consisted of a promise not to prosecute defendant's brother for the crime of burglary, and to keep the crime secret, the point under consideration may be disposed of on that assumption, from which it follows that a finding on the issue as to the illegality of the consideration becomes immaterial; and therefore that the defendant was not injured by the failure of the

court to find upon that issue; but then, the effect of this assumption, viz., that a finding as to the illegality of the note is immaterial, and therefore that its illegality may be conceded, must be allowed for all purposes of this appeal, since it would be illogical, as well as unjust, after conceding the illegality of the note for the purpose of excusing the want of a finding as to its illegality, to deny the illegality for the purpose of exempting plaintiff and his assignor from the burden of proof which would be cast upon them by the concession of illegality for the former purpose.    This will be exemplified under the next point.

2.  The next point made by appellant is, that the evidence does not justify the finding that plaintiff had no notice of the nature or illegality of the consideration.

The only evidence applicable to this issue was that on the part of defendant tending to prove the illegality of the consideration, as to which there was no finding; but for the purpose of dispensing with the necessity of a finding as to the nature of the consideration, it has been necessarily conceded that the consideration was or may have been illegal, and, as above shown, that concession must be held good for all purposes of this appeal, and therefore must not be denied for the purpose of sustaining the finding under consideration.

Section 1615 of the Civil Code provides that "the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

Conceding that this section applies to cases of *illegal* consideration, which is not quite clear, since the same code distinguishes between a mere want of consideration and an illegal consideration (sections 1607, 1608, and 1667), yet when the defendant has proved or the plaintiff has conceded that the consideration for a promissory note upon which the former is sued by an indorsee thereof is illegal, a *prima facie* case of notice to the indorsee of

the illegality of the consideration is thereby made, which discharges the burden of proof on the part of the defendant, and casts it upon the plaintiff to prove that he took the note for value, and without notice of the illegality of the consideration. (Story on Promissory Notes, sec. 196; 1 Parsons on Notes and Bills, 188, 189; *Fuller* v. *Hutchings*, 10 Cal. 526; 70 Am. Dec. 746; *Sperry* v. *Spaulding*, 45 Cal. 548.)

Mr. Parsons, on pages above cited, says: "But if the defendant can show that the note was wrongfully obtained by fraud or duress, or has been fraudulently obtained from an intermediate holder, or has been lost or stolen, or has been in any way the subject of fraud or felony, this will throw the burden of proof upon the plaintiff. In such cases the presumption is, that he who has been guilty will part with the note for the purpose of enabling some third party to recover upon it for his benefit; and such presumption operates against the holder, and it devolves upon him to show that he gave value for it. So where the note was given for a distinctly illegal consideration."

In *Bailey* v. *Bidwell*, 13 Mees. & W. 73, Baron Parke said: "It certainly has been, since the later cases, the universal understanding that if the note were proved to have been obtained by fraud or affected by illegality, that afforded a presumption that the person who had been guilty of the illegality would dispose of it, and would place it in the hands of another person to sue upon it, and that such proof casts upon the plaintiff the burden of showing that he was a *bona fide* indorsee for value."

In 32 English Law and Equity, 134, Lord Campbell, after expressing the rule as above stated, added: "It is not properly that the burden of proof as to there being consideration is shifted, but that the defendant, on whom the burden of proof that there was no consideration lies, has, by proving fraud or illegality in the former holder, raised a *prima facie* presumption that the plaintiff is

agent for that holder, and has, therefore, unless that presumption be rebutted, proved that there was no consideration. But no such presumption arises where there was in the former holder a mere want of consideration, without illegality or fraud."

Therefore, as it has been assumed and conceded in this case that the consideration was illegal, the effect of which was to cast the burden upon Lord and plaintiff of proving that one of them, at least, took the note without notice of the illegality of the consideration; and as there is no evidence that plaintiff so took the note, it follows that the finding by the court that the plaintiff had no such notice is not justified by the evidence. But as the court also found that Lord had no notice, which finding is not excepted to, the finding that plaintiff had no notice is immaterial, and the defendant is not injured thereby. If Lord took the note for value, and without notice of the illegality and want of consideration, the plaintiff, as Lord's assignee, could recover upon it even though he had notice. (Story on Promissory Notes, secs. 178, 191; Edwards on Bills and Notes, sec. 441; *Poorman* v. *Mills*, 39 Cal. 651; 2 Am. Rep. 451.)

3. Upon the trial, plaintiff placed upon the stand George Lord, who testified "that he purchased the note mentioned in the complaint from Ward for a valuable consideration, and afterward assigned it to the plaintiff; that he paid Ward $336 for the note."

On cross-examination he was asked the following question: "At the time you bought this note did you have any notice that it was executed for an illegal consideration?"

To this question plaintiff's counsel objected, on the ground that it was not proper cross-examination. The court sustained this objection, and defendant's counsel excepted.

Defendant's counsel next asked the witness "if at the time of the purchase he did not know that the defendant

had warned all persons, in a newspaper notice, from purchasing it, on the ground of illegal consideration?" The plaintiff also objected to this question, as not being proper cross-examination. The court sustained this objection, and defendant's counsel excepted.

The appellant's counsel contends that the court erred in sustaining these objections, and I think this point should be sustained.

The tendency of Lord's testimony in chief was to prove that he took the assignment of the note in good faith by showing that he paid full value for it; therefore, any question the answer to which might tend to prove that he did not take the assignment in good faith was proper cross-examination. The answers to the questions asked on cross-examination might have proved that he took the assignment with notice that there was no legal or valid consideration for the note, and that he knew "that the defendant had warned all persons, in a newspaper notice, from purchasing it, on the ground of illegal consideration."

The facts that Lord's testimony in chief was intended to meet and avoid the anticipated defense, and properly should have followed the evidence of that defense, make no difference as to defendant's right of cross-examination. The plaintiff chose to introduce his evidence in that order, and defendant did not object to it, but simply claimed the right to cross-examine the witness. The plaintiff had the benefit of the testimony in chief, and had no right to deprive the defendant of the privilege of proper cross-examination. Nor did the plaintiff object to the questions on any other ground than that they were not within the limits of proper cross-examination. There was no objection on the ground that plaintiff had examined the witness in chief out of the proper order.

In view of the fact that appellant's second point, above considered, would have been well taken but for the find-

ing that Lord had no notice, the matter to which his cross-examination was directed was material and very important. Had the cross-examination been permitted, it might have disclosed that, before the assignment to him, Lord had notice of the illegality of the consideration, and this would have cast the burden upon the plaintiff of proving that he had no notice.

For the error in sustaining the objection to the cross-examination of Lord, I think the judgment and order should be reversed, and a new trial granted.

Foote, C., and Gibson, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.