[S. F. No. 197.   Department One.—August 19, 1896.]

L. R. LEONARD, APPELLANT, v. A. D. SHAW ET AL., RESPONDENTS.

NEW TRIAL—STATEMENT—ABSENCE OF SPECIFICATIONS.—When the statement on motion for new trial contains no specification of errors, or of the particular grounds or reasons on which the moving party relies, the motion cannot be considered upon appeal.

ID.—MOTION UPON MINUTES OF COURT—NOTICE NOT PART OF RECORD—SPECIFICATIONS IN STATEMENT.—A notice of motion for a new trial, specifying that it will be made upon the minutes of the court, cannot be considered, if it is not embodied in any statement or bill of exceptions, nor authenticated in any way; nor can the specifications in such

notice obviate the necessity of specifications in the statement to be made after hearing of the motion, which should set forth the specifications stated in the notice and argued at the hearing.

Id.—Stipulation as to Correctness of Transcript—Estoppel.—A stipulation as to the correctness of the transcript merely obviates the necessity of the certificate by the clerk, and does not estop the respondent from denying the sufficiency of the statement.

Appeal from a judgment of the Superior Court of San Benito County and from an order denying a new trial.   J. H. Logan, Judge presiding.

The facts are stated in the opinion.

*L. W. Jefferson,* and *John A. Percy,* for Appellant.

*Scott & Dooling,* and *Briggs & Hudner,* for Respondents.

Searls, C.—This is an action to recover five thousand dollars from the defendants for an alleged libel published of and concerning plaintiff, on January 12, 1894, in the *San Benito Advance,* a newspaper printed and published by defendants, at Hollister, in the county of San Benito, state of California.

The following is a copy of the article:

" GONE TO FRESH PASTURES.

"L. R. Leonard, the erstwhile manager of an Industrial Publishing Company that never had a legal existence, has gone where the woodbine twineth, and the Nash Brothers, who indulged in the luxury of running a newspaper to vary the monotony of farm life, mourn as the whang-doodle o'er its first born.  As manager of the semi-weekly *Wet Hen,* Leonard made the ghost walk longer than any of the journalistic pirates who ever located in Hollister, and he left a deeper hole in the pockets of his backers.   Leonard has been getting ready to skip for some time past, but he stayed just long enough to induce a hide-bound board of supervisors to fix county printing rates according to his own starva-

tion schedule, and then skipped off to pastures new in search of another batch of suckers."

Defendants answered, raising issues of fact, which were tried before a jury, and a verdict in favor of defendants returned, upon which judgment was entered in their favor for costs.

This appeal is from the judgment and from an order denying plaintiff's motion for a new trial.

We cannot consider the motion for a new trial for several reasons, the most important of which is, that the statement contains no specification whatever of errors, or the particular reasons on which the moving party relies. (*Nye* v. *Marysville etc. Street R. R. Co.*, 97 Cal. 461; *Hershey* v. *Kness*, 75 Cal. 115; *Silva* v. *Holland*, 74 Cal. 530; *Dawson* v. *Schloss*, 93 Cal. 194; *Bohnert* v. *Bohnert*, 95 Cal. 444; *Pico* v. *Cohn*, 67 Cal. 258; *Ferrer* v. *Home Mut. Ins. Co.*, 47 Cal. 416; *Spencer* v. *Long*, 39 Cal. 700; *Budd* v. *Drais*, 50 Cal. 120; *People* v. *Central Pac. R. R. Co.*, 43 Cal. 398.)

There is printed in the record what purports to be a copy of the notice of motion for a new trial, which states that the motion will be made upon the minutes of the court, but it is not embodied in any statement or bill of exceptions, and is not verified in any way, and hence forms no part of the record and cannot be recognized. (Code Civ. Proc., secs. 659–61.)

If it be conceded that the motion was made on the minutes of the court, it follows that the notice was required to state the particular errors and objections relied upon. (Code Civ. Proc., sec. 659.)

This did not, however, obviate a specification of the errors and objections in the statement to be made in such cases after a hearing of the motion. In practice this is frequently done by including in the statement a copy of the notice of motion containing such specification.

A better practice is to make a formal statement of the causes relied upon and argued at the hearing, as it is only the formal objections stated in the notice and *argued*

*at the hearing* of the motion that are entitled to be included in the statement.   (Code Civ. Proc., sec. 661.)

This court cannot be expected to grope through the record in quest of errors, which with little labor can be grouped together and succinctly stated, so as to be comprehended at a glance.   *Sharon* v. *Sharon*, 79 Cal. 636, cited by appellant's counsel, is not in point.

There, certain exhibits were referred to in the statement, made a part thereof, and referred to by their numbers and the place where they were to be found at the end of the statement.

The court held that those exhibits were so referred to and made parts of the statement as to bring them under the certificate of the judge authenticating the statement.

In the case at bar there is no reference whatever to the notice of motion, and nothing in the statement to indicate that it was ever given, or, if given, as to its contents.

It is urged by appellant that, as counsel for respondent stipulated as to the correctness of the transcript, they are now estopped from objecting thereto.   This simply obviated the necessity of a certificate by the clerk (*Todd* v. *Winants*, 36 Cal. 129), and did not preclude respondents from denying the sufficiency of the statement.   (*Wetherbee* v. *Carroll*, 33 Cal. 549.)   Nothing appears upon the face of the judgment-roll to warrant a reversal.

The instructions given and refused by the court are not incorporated in the judgment-roll, and are only to be found in full in the purported notice of motion for a new trial, which, for reasons hereinbefore pointed out, cannot be considered.   Those referred to in the statement are not, as before stated, fortified by an assignment of error in their giving or refusal.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.