## PEOPLE ex rel. SANDERS v. JONES et al.

### S. F. No. 2336; December 16, 1902.

#### 70 Pac. 1063.

**Appeal—Time—Review of Evidence.—Under Code of Civil Procedure,** section 939, providing that "an exception to the decision on the ground that it is not supported by the evidence cannot be reviewed on appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment," on an appeal taken in May from a judgment entered the preceding August the bill of exceptions cannot be examined for the purpose of reviewing the sufficiency of evidence.[1]

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by the people of the state of California, on the relation of Cornelius T. Sanders, against M. P. Jones and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Tirey L. Ford, attorney general, Fisher Ames and Rodgers, Paterson & Slack for appellant; Lloyd & Wood for respondents.

---

[1] **Cited** and followed in Gilbert v. Kelly, 138 Cal. 690, 72 Pac. 344, where it is given as authority for saying that section 939 of the Code of Civil Procedure has been adhered to by the supreme court of the state.

COOPER, C.—This is an appeal from a judgment on the judgment-roll and a bill of exceptions. The only point relied upon by appellant is that the evidence is insufficient to support the findings of fact. Respondents contend that the bill of exceptions cannot be examined for the purpose of reviewing the evidence, and we see no escape from the contention. The judgment was rendered August 23, 1897, and the notice of appeal filed and served May 10, 1898. It is provided in the Code of Civil Procedure (section 939) that "an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment." It has been universally held here that the evidence could not be reviewed in such case where the appeal is not taken within sixty days after the judgment is rendered: Handley v. Figg, 58 Cal. 579; Forni v. Yoell, 99 Cal. 172, 33 Pac. 887; Wise v. Ballou, 129 Cal. 45, 61 Pac. 574.

It follows that the judgment must be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.