[L. A. No. 1340.   Department One.—March 26, 1903.]

# W. GILBERT, Appellant, v. THOMAS W. KELLY et al., Respondents.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—The insufficiency of the evidence to sustain the findings or verdict cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment.

ID.—ORDER DENYING MOTION FOR DEFAULT JUDGMENT—ANSWER ON FILE—PRESUMPTION UPON APPEAL.—Where an answer was on file, and no default had been entered, it must be presumed upon appeal from the judgment that the answer was properly on file, and it was not error to deny a motion for judgment by default with an answer undisposed of before the court.

ID. — GROUND OF MOTION — INSUFFICIENT RECORD — RULE OF COURT — ORDERS EXTENDING TIME.—Where the alleged ground for the motion for judgment by default was error in the non-conformity of orders extending the time to answer with a rule of the court, error is not shown in overruling such ground, where the rule of the court and the orders extending time, and the evidence before the court when the orders were made, are not included in the bill of exceptions.

ID.—ACTION OF EJECTMENT—FINDING AS TO OWNERSHIP—SUFFICIENCY OF TAX DEED.—In an action of ejectment where the court found that the plaintiff is not and never was the owner or entitled to the possession of the land described in the complaint, and the finding is not challenged, the sufficiency of the tax-deed under which plaintiff claims title cannot be inquired into upon appeal from the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County.  M. T. Allen, Judge.

The facts are stated in the opinion.

William Gilbert, and J. Marion Brooks, for Appellant.

John T. York, and Richard J. Dillon, for Respondents.

COOPER, C.—This action was brought in ejectment to recover the possession of certain real estate described in the complaint.  The plaintiff claims to be the owner of the same by virtue of a deed from the state, the property having been

sold to the state for delinquent taxes. The case was tried before the court without a jury, findings filed and judgment ordered for defendant, which judgment was accordingly entered. This appeal is from the judgment on a bill of exceptions. It is not claimed that the judgment is not the legal conclusion from the facts found, and no objection is made to the form of the judgment. Appellant contends that the evidence is not sufficient to support the findings in certain respects. The judgment was entered on the thirty-first day of May, 1902, and the notice of appeal was served and filed on the thirteenth day of October following, more than sixty days after the rendition and entry of the judgment. It is expressly provided in the Code of Civil Procedure, section 939: "An exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment." The above provision of the code has been adhered to by this court. (*People* v. *Jones,* 70 Pac. 1063, (filed December 16, 1902,) and cases therein cited.) It is claimed by appellant that the court erred in not granting his motion for judgment by default, for the reason that certain orders were made extending time to the defendant in which to answer, and that the orders did not comply with rule 9 of the superior court, and for the further reason that the orders were signed by the "superior judge" instead of the "judge of the superior court." We have examined the record, and we do not find rule 9 incorporated in the bill of exceptions, nor any evidence to show what was before the court at the time the orders were made; neither are the orders extending time incorporated in the bill of exceptions. But, however this may be, the answer of the defendants was on file. No default had been entered and no motion made to strike out the answer. We must presume that the answer was properly on file and judgment cannot be entered by default, with an answer undisposed of before the court.

This leaves for consideration only alleged errors in the admission of evidence. In the bill of exceptions the only specification of such error is the following: "The court erred in admitting oral and documentary evidence on plaintiff's objections, as shown by the foregoing bill of exceptions, the

exceptions being marked No. 2 to No. 6, inclusive.'' Appellant has not seen fit to argue in his brief any one of the alleged errors, nor to point out wherein the alleged error lies. On the contrary, he says in referring to the deed upon which his title rested: ''Plaintiff established a *prima facie* case by the introducing his deed in evidence, and the burden of proof was thus thrown on defendants. The only question involved is whether the deed substantially complies with the statute.'' As this is the only question involved, and the court found that the plaintiff is not and never was the owner, nor entitled to the possession of the land described in the complaint, and as this finding is not challenged, it is evident we cannot examine the deed.

It follows that the judgment should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Angellotti, J., Shaw, J.