[Civ. No. 735.   First Appellate District.—August 5, 1911.]

## H. D. CARVER, Respondent, v. SAN JOAQUIN CIGAR COMPANY, a Corporation, Appellant.

ORDER DENYING NEW TRIAL — MOTION AND GROUNDS NOT SHOWN IN STATEMENT—REVIEW UPON APPEAL.—An order denying a motion for a new trial cannot be reviewed upon appeal where the settled statement of the case used on the hearing of the motion fails to show the motion itself or the grounds upon which the moving party relied for a new trial.

ID.—NOTICE OF INTENTION IN TRANSCRIPT NOT PART OF STATEMENT— GROUNDS STATED NOT CONSIDERED.—A notice of intention to move for a new trial, printed elsewhere in the transcript, and stating certain grounds for the motion, but not incorporated in the statement of the case used upon the motion, cannot be considered as part of the record upon appeal from the order denying the motion for a new trial.

ID.—STIPULATION TO CORRECTNESS OF TRANSCRIPT NOT ESTOPPING RESPONDENT.—The fact that the respondent stipulated to the correctness of the transcript does not preclude him from objecting to the sufficiency of the statement to support a motion for a new trial.

ID.—APPEAL FROM JUDGMENT—REVIEW—USE OF SETTLED STATEMENT— ERRORS OF LAW.—Though the appeal from the order denying a new trial cannot be reviewed upon the settled statement, yet the appellate court may nevertheless consider and determine the appeal from the judgment, in so far as the alleged errors of law occurring at the trial are concerned, upon the settled statement of the case used upon the hearing of the motion for a new trial and found in the record on appeal.

ID.—ACTION ON ASSIGNED NOTE—EVIDENCE—CONSIDERATION—PRESUMED TITLE.—Where on·the trial of an action upon an assigned note the plaintiff gave evidence that he paid value for the note, and proved by the payee that the note was given to extinguish preceding indebtedness to him from the defendant for the amount of the note, and produced the note in evidence, the consideration of the note and

transfer were shown, and the title of the plaintiff as holder is presumed from possession of the note indorsed by the payee.

ID.—INSUFFICIENT DEFENSE AND PROOF—PAROL AGREEMENT TO VARY TERMS OF NOTE.—A defense based upon a parol agreement between the payee and the defendant to vary the terms of the note, and parol evidence offered by defendant in support of such defense, or as to any similar parol agreement, could neither be pleaded nor proved as against the plaintiff.

ID.—RULES AS TO PAROL EVIDENCE.—While parol evidence may be received in a proper case to show a want of consideration or to impeach the consideration of a note, yet the existence and breach of a contemporaneous oral agreement entirely at variance with the written agreement of the parties as finally expressed in the note cannot be shown by parol evidence.

ID.—PAROL AGREEMENT TO DEFRAUD CREDITORS OF PAYEE NOT PLEADED INCOMPETENT EVIDENCE.—Though it is a good defense to a note, if specially pleaded, that it was executed and delivered in further. ance of a common design on the part of the payee and the maker to defraud the payee's creditors, yet if not pleaded as new matter, it cannot be established under a general denial; and offered evidence that the consideration of the note was founded on an attempt to defraud and defeat the creditors of the payee, not specially pleaded, was properly rejected as incompetent.

ID.—SMALL OFFSET TO NOTE NOT PLEADED—EVIDENCE PROPERLY EXCLUDED.—A claim that the payee was indebted to the corporation in the sum of $500 at the time of the execution of the note, though it would have been a good defense, as against the payee, by way of setoff as against him, if it were pleaded as such, yet where it was not pleaded, evidence thereof was properly excluded as wholly immaterial to the issues.

ID.—PRODUCTION OF NOTE IN EVIDENCE—TESTIMONY AS TO CONSIDERATION FOR ASSIGNMENT NOT MATERIAL—IMPEACHMENT OF NOTE NOT PLEADED.—Where the plaintiff, by producing the indorsed note in evidence, proved both its consideration and his title thereto, he was not required to show the consideration for the transfer of the note to him until the maker, by proper pleadings, had established the want, failure or illegality of the consideration of the note itself; and his testimony as to his title to the note is not material in the absence of such pleading.

ID.—PROPER REFUSAL OF CROSS-EXAMINATION OF PLAINTIFF AS TO TITLE TO NOTE.—In the absence of such pleading the court properly refused to allow the defendant to cross-examine the plaintiff as to the amount of the consideration paid by plaintiff for the note, for the purpose of showing that the note belonged to the payee and not to the plaintiff.

ID.—INSUFFICIENT PLEADING AS TO TITLE.—It is not enough to plead merely that the note sued on is the property of another and not of the plaintiff, without alleging in addition a substantial defense against the person alleged to be the real owner of the note, which could not be pleaded as a defense against the plaintiff as the *prima facie* legal owner of the note.

ID.—PROTECTION OF MAKER FROM FURTHER CLAIM.—Where no bad faith appears, plaintiff's *prima facie* title to the note by reason of possession under indorsement by the payee is not subject to rebuttal so long as the maker is protected from further claim by the payment of the judgment, no matter who is the real or *bona fide* owner of the note, whether the payee or the plaintiff, the defendant having failed to plead any defense as against either of them.

ID.—AUTHORITY OF NOTE SIGNED BY PRESIDENT OF CORPORATION—SUPPORT OF FINDING—APPEAL FROM JUDGMENT AFTER SIXTY DAYS.—The claim of appellant that the note executed to the payee by the president of the corporation was not authorized or sanctioned by the corporation involves the sufficiency of the evidence to support the trial court's finding that the note was in fact executed and delivered to the payee for a valuable consideration, by and with the sanction of the corporation defendant, and cannot be considered upon appeal from the judgment taken more than sixty days after its rendition, which precludes any review of the sufficiency of the evidence to sustain the trial court's findings of fact.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

N. C. Coldwell, and Edgar S. Van Meter, for Appellant.

Carter & Carter, for Respondent.

LENNON, P. J.—This action was brought to recover the sum of $1,335.05, alleged to be due upon a negotiable promissory note in the ordinary form. The note was shown to have been executed by the corporation defendant on April 6, 1907, the day it bears date, and before maturity indorsed and assigned for a valuable consideration by the payee therein named to the plaintiff herein.

The answer of the defendant does not deny the execution of the note, but in that behalf alleges in substance that the

note in question was made and delivered to H. E. Mootz, the payee thereof, by F. Knobloch, as president of the corporation defendant, without authority of the corporation, and in excess of his powers and duties as such president, and that the plaintiff at all times had full knowledge and notice of these facts. It is denied that the plaintiff was, at the date of the action, the owner of the note sued upon, or that the payee named therein, for a valuable consideration or otherwise, indorsed, transferred and delivered said note to the plaintiff herein. And for a second and special defense to the action the answer of the defendant in effect alleges that at and before the execution and delivery of the note it was agreed by Knobloch, as the president of the corporation defendant, and Mootz, the payee named in the note, that said Knobloch should, in the name of the defendant San Joaquin Cigar Company, and as president thereof, make, execute and deliver to the said H. E. Mootz the said note as the promissory note of the said San Joaquin Cigar Company, but at the same time and place, and as a part of the same transaction, it was agreed, by and between the said F. Knobloch, and the said H. E. Mootz, that said note should not be, and was not, executed by the said San Joaquin Cigar Company, and that the said San Joaquin Cigar Company was not and should not be bound by any of the terms of said promissory note, nor by the promise to pay contained therein, and that the said H. E. Mootz would upon demand of the said F. Knobloch surrender and deliver said note into the possession of the said Knobloch. It was also alleged in the answer of the defendant, as a third and special defense to the action, that at and before the execution and delivery of the note sued on Mootz, the payee thereof, was indebted to the defendant corporation in the sum of $500 for moneys which he had received for and on account of the defendant; that the receipt of this money was concealed by Mootz from the defendant, and was at the time of the making of the note unknown to either the defendant or its representative Knobloch; that the plaintiff was at all of the times mentioned the secretary of the corporation, and had, before and at the time of the assignment of the note to him, full knowledge of all of the facts pleaded in the answer of the defendant as a special defense to the action.

It was conceded upon the trial and the record shows as well that the corporation defendant had placed Knobloch, as its president, in full control of the business of the corporation, and had empowered and authorized him to transact all the business of the corporation.

Judgment was rendered for the plaintiff for the full amount of the principal specified in the note, together with an attorney's fee, as stipulated, in the sum of $100.

Upon this appeal—which is from the judgment and order denying defendant's motion for a new trial—the points presented for review relate only to the rulings of the trial court rejecting certain evidence offered by the defendant in support of the special defenses pleaded.

The order denying defendant's motion for a new trial cannot be reviewed, for the reason that the statement of the case, as settled and allowed by the judge of the trial court, and thereafter used upon the hearing of the motion, fails to show the motion itself or the grounds upon which the defendant relied for a new trial. The statement of the case used upon the hearing is absolutely silent upon the subject of the motion. It is true that the defendant's notice of intention to move for a new trial, which appears elsewhere in the transcript, specifies three of the statutory grounds which may be invoked in aid of a motion for a new trial; but inasmuch as this notice is neither referred to nor incorporated in the statement of the case used upon the motion for a new trial, it cannot now be considered as a part of the record on the appeal from the order denying the motion for a new trial. (*Leonard* v. *Shaw,* 114 Cal. 69, [45 Pac. 1012]; *Sprigg* v. *Barber,* 122 Cal. 573, [55 Pac. 419]; *Williams* v. *Hawley,* 144 Cal. 97, [77 Pac. 762]; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66].) The fact that respondent stipulated to the correctness of the transcript does not preclude him from objecting to the sufficiency of the statement to support a motion for a new trial. (*Todd* v. *Winants,* 36 Cal. 129; *Wetherbee* v. *Carroll,* 33 Cal. 549; *Leonard* v. *Shaw,* 114 Cal. 69, [45 Pac. 1012].)

Although we are precluded from considering the defendant's appeal from the order denying his motion for a new trial, we may nevertheless consider and determine the appeal

from the judgment, in so far as the alleged errors of law occurring at the trial are concerned, upon the statement of the case used upon the motion for a new trial and found in the record here. (*Brown* v. *Tolles,* 7 Cal. 399; *Rice* v. *Gashirie,* 13 Cal. 53; *McCartney* v. *FitzHenry,* 16 Cal. 185; *Carpentier* v. *Williamson,* 25 Cal. 159; *Wall* v. *Mines,* 128 Cal. 136, '[60 Pac. 682]; *Vinson* v. *L. A. R. R. Co.,* 141 Cal. 153, [74 Pac. 757].)

Upon the trial of the case the plaintiff introduced the note in evidence, and gave testimony which tended to show that the note had been indorsed and assigned to him for a valuable consideration, and Mootz, the payee of the note, testified in effect that the consideration for the note in the first instance was the extinguishment of a pre-existing indebtedness of the defendant to himself, as evidenced by a book account, in the sum of $1,335.05 for services rendered. In rebuttal the defendant called F. Knobloch as a witness in its behalf; and after objections had been sustained to several questions which were calculated to elicit the facts pleaded and designated as a second special defense in the answer of the defendant, offered to prove in support of said second special defense, by the witness on the stand, that "on the sixth day of ·April, 1907, the day when the promissory note in suit was signed and delivered to Mr. Mootz, that the San Joaquin Cigar Company was indebted to various other parties than Mr. Mootz in a large sum of money, and that at and before the execution and delivery of this note in suit it was agreed between Mr. Mootz, the payee named in the note, and Mr. Knobloch, the president of the company, that the company should not pay Mr. Mootz anything that the company owed him, Mootz, until the indebtedness of the company to these other parties was fully paid and discharged; that this agreement between them was subsisting at the time that the note was signed and delivered, and that at that time and place Mr. Mootz and Mr. Knobloch, the president of the cigar company defendant, understood, stipulated and agreed between them that the note in suit, so signed and delivered to Mr. Mootz, was not a valid and subsisting agreement, or any agreement at all; between H. E. Mootz, payee named in the note, and the defendant San Joaquin Cigar Company, but that it was delivered solely

and only for the purpose of closing up the account of said
H. E. Mootz against the company upon the books of the
company, so as to prevent a garnishment of said account by
creditors of said Mootz.''

The plaintiff objected to the proffered testimony upon the
ground that it was immaterial, irrelevant and incompetent,
and intended to alter by parol evidence the terms and con-
ditions of a written agreement. The trial court sustained the
objection upon all of the grounds stated, apparently upon
the theory that the matters pleaded and designated in the
answer of the defendant as a second special defense did not
constitute a valid defense to the action. Counsel for the
appellant contend here, as they did in the trial court, that
the facts specially pleaded by the defendant as a second
defense to the action constituted a perfect legal defense
to the note. It is argued that the offer of the evidence in
question was not an attempt to alter the terms of the note,
but was rather an attack upon its validity, in this, that the
offer was to show that the note sued on was not the contract
of the defendant, and that therefore the evidence so offered
was admissible under the exception to the general rule de-
clared by subdivision 2 of section 1856 of the Code of Civil
Procedure.

It will be observed that the matters and things offered to
be proved by the defendant were materially different from
the matters and things pleaded in the defendant's second
special defense to the action, and upon this ground alone the
trial court was justified in sustaining plaintiff's objection.
But however that may be, the facts pleaded as a second
special defense, as well as the evidence offered in support
thereof, were inadequate as a defense and incompetent as
evidence. No such issue as was attempted to be made, either
by the defendant's second special defense or the facts con-
tained in the defendant's offer of evidence, could be properly
pleaded or proved against the plaintiff herein.

Oral evidence is admissible to impeach the consideration
of a promissory note; but there is an evident distinction be-
tween showing the absence or failure of consideration, or
illegality in its inception, and proving—as was attempted
in this case—the breach of a contemporaneous oral agreement
totally at variance with the written agreement of the parties

as finally expressed in the note. (*San Jose Sav. Bank* v. *Stone,* 59 Cal. 187; *Langan* v. *Langan,* 89 Cal. 186, [26 Pac. 764]; *Daw* v. *Niles,* 104 Cal. 106, [33 Pac. 1114, 37 Pac. 876].)

The pre-existing indebtedness of the defendant to the payee of the note, which was revealed by defendant's offer of proof, and the evidence adduced on behalf of the plaintiff, was a valid consideration for the note. The defendant's offer of proof was not an offer to show by parol evidence the want, failure or illegality of consideration. It was in fact but an attempt to show the existence of a contemporaneous oral agreement entirely at variance with the terms of the written contract of the parties. "This cannot be done. Want of consideration or failure of consideration may be proved in a proper case, but in the absence of fraud or mistake parol evidence cannot be permitted to vary the terms of a written contract." (*Lompoc Valley Bank* v. *Stephenson,* 156 Cal. 350, [104 Pac. 449].)

In so far as the facts offered to be shown by the testimony of the witness Knobloch tended to prove the existence of a conditional and collateral oral contract, essentially different from and contradictory of the note in suit, the offered evidence was incompetent, and rightly rejected by the court.

The court did not err in its refusal to permit the defendant to show that the true consideration for the note was founded in an attempt to defraud and defeat the creditors of Mootz.

It is undoubtedly a good defense to an action upon a promissory note that it was executed and delivered in furtherance of a common design on the part of the payee and maker to defraud the payee's creditors. That defense would have been available to the defendant against the payee had he sought to recover on the note, and, of course, might have been pleaded against the plaintiff in this action. Such a defense, however, is deemed to be new matter, which must be specially pleaded, and cannot be established under a general denial. (*McCausland* v. *Ralston,* 12 Nev. 195, [28 Am. Rep. 781]; *Ager* v. *Duncan,* 50 Cal. 325; *Sharon* v. *Sharon,* 68 Cal. 29, [8 Pac. 614].)

The fact that Mootz was indebted to the corporation defendant in the sum of $500 at the time of the making of the note, if it had been coupled with an allegation of nonpay-

ment at the time of the commencement of the action, would also have been a good defense, by way of setoff, against Mootz as the original payee of the note. Whether or not such a defense could have been pleaded against the plaintiff in this action need not be decided. The fact remains that it was not pleaded; and evidence merely of such pre-existing indebtedness was wholly immaterial to the issues and properly excluded by the trial court.

The plaintiff upon direct examination testified that he gave a valuable consideration for the assignment to him of the note in question; and it is now contended on behalf of the defendant that the trial court erred in refusing to permit the witness to be cross-examined with reference to the nature and amount of the consideration so paid or given for the assignment of the note.

A promissory note imports a consideration; and, when duly indorsed, raises a presumption of title in the holder. (Civ. Code, sec. 1614; Code Civ. Proc., sec. 1963, subd. 21.) The plaintiff was not required to show the consideration given for the transfer of the note until the maker, under proper pleadings, had established the want, failure or illegality of the consideration of the note itself. (*Jordan* v. *Grover*, 99 Cal. 195, [33 Pac. 889]; *Graham* v. *Larimer*, 83 Cal. 178, [23 Pac. 286]; *Eames* v. *Crosier*, 101 Cal. 262, [35 Pac. 873]; *Sharon* v. *Sharon*, 68 Cal. 29, [8 Pac. 614]; *Sinkler* v. *Siljan*, 136 Cal. 361, [68 Pac. 1024].)

Upon proof of the execution of the note, its indorsement to plaintiff before maturity, and his possession of it, he established a *prima facie* case, which, in the absence of pleadings impeaching the validity of the consideration for the note itself, made his testimony upon the subject of the consideration given for its indorsement to him wholly unnecessary and immaterial, and therefore the ruling of the trial court, restricting the cross-examination of the plaintiff in the particulars under discussion, was correct.

To avoid any misapprehension upon the subject we will say that if the defendant, by adequate pleadings, had impeached the consideration of the note, the burden of proving a *bona fide* consideration for its indorsement to plaintiff, and want of notice on the part of the plaintiff of the manner of its execution, would shift to the plaintiff upon the de-

16 Cal. App.—49

fendant offering evidence which would tend to prove want, failure or illegality of consideration at the inception of the note; and that if, in the presence of such an issue raised by proper pleadings, the plaintiff, in an attempt to anticipate the defense thus relied upon, had testified with respect to the consideration by him given for the indorsement of the note, the question objected to in the case at bar would have been legitimate cross-examination. (*Kenny* v. *Walker*, 29 Or. 41, [44 Pac. 501]; *Maxwell* v. *Bolles*, 28 Or. 1, [41 Pac. 661]; *Graham* v. *Larimer*, 83 Cal. 173, [23 Pac. 286].)

It is insisted, however, by appellant that it should have been permitted, under the general issue raised by a mere denial of the plaintiff's ownership of the note, to show, by the cross-examination of the plaintiff and Mootz, the payee, that the note in truth and in fact belonged to Mootz, and not to Carver, the plaintiff.

The plaintiff, in an action upon a promissory note, must be the legal owner of the note, or his ownership must be of a character sufficient to protect the defendant from recovery against him in a subsequent action upon the same note. An answer which puts in issue the plaintiff's ownership of the instrument sued on presents a good defense, and makes it incumbent upon the plaintiff to establish his right to bring the action. It is not sufficient, however, to plead merely, as was done in the present case, that the note sued on is the property of another, and not of the plaintiff. There must be alleged, in addition, some matter or thing which would be a substantial defense against the person alleged to be the real owner of the note which could not be pleaded as a defense against the plaintiff as the *prima facie* legal owner of the note. (*Dyer* v. *Sebrell*, 135 Cal. 597, [67 Pac. 1036].)

As was said by Mr. Justice Shaw in the recent case of *Ramboz* v. *Stansbury*, 13 Cal. App. 652, [110 Pac. 473]: "The general rule appears to be that, in the absence of *mala fides*, which is not claimed here, plaintiff's *prima facie* title by reason of possession is not subject to rebuttal so long as the maker is protected from further claim by the payment of the judgment."

The defendant in this case having failed to plead a valid defense against Mootz, the payee, which could not have been pleaded and proved against the plaintiff, and as it is

apparent that the judgment rendered for the plaintiff on the note will protect the defendant from any further possible claims of Mootz, arising out of the transaction, it was immaterial, either upon cross-examination of the plaintiff's witnesses, or in the development of defendant's case in rebuttal, to know who was the real or *bona fide* owner of the note.

Appellant's discussion of the point that the note sued on was made, executed and delivered by the president of the corporation defendant in excess of his authority and without the sanction of the corporation, involves the sufficiency of the evidence to support the trial court's finding that the note was in fact executed and delivered, for a valuable consideration, by and with the sanction of the defendant. This point, however, cannot be considered. The appeal from the judgment in the case at bar was taken more than sixty days from the rendition of the judgment, and, therefore, the sufficiency of the evidence to sustain the trial court's findings of fact cannot be questioned upon an appeal from the judgment. (Code Civ. Proc., sec. 939; *Gilbert* v. *Kelly,* 138 Cal. 690, [72 Pac. 344]; *Sather Banking Co.* v. *Briggs,* 138 Cal. 726, [72 Pac. 352].)

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.