[Civ. No. 3737. Third Appellate District.—May 24, 1929.]

E. A. TEST, INC. (a Corporation), Respondent, v. CHAS. MABREY et al., Appellants.

Robert H. Schwab for Appellants.

Hubert H. Briggs for Respondent.

PLUMMER, J.—Plaintiff had judgment against the appellants upon a promissory note executed by the appellants and indorsed to the plaintiff by R. J. Heeney, which note is in the words and figures following, to wit:

"$2000.00                    Stockton, Cal. January 27, 1927.

"Twelve months . . . after date, without grace, we, or either of us, promise to pay to Richard J. Heeney or order, at Stockton, California, the sum of Two Thousand Dollars, payable only in gold coin of the government of the United States, for value received, with interest thereon in like gold coin at the rate of seven per cent, per annum from date until paid; interest payable quarterly and if not so paid as it becomes due to be added to the principal and become a part thereof and bear interest at the same rate, but if default be made in the payment of the interest as above provided, then this note shall immediately become due at the option of the holder thereof; also to pay all legal expenses

and attorney's fees which may be incurred in the collection of this note.

"J. L. FLANAGAN.
"CHAS. B. MABREY.

"Indorsed: R. J. HEENEY."

From this judgment the defendants Mabrey and Flanagan appeal.

The answer of the appellants consists, first, of denials upon information and belief, and then, as a further answer, alleges as follows: "That heretofore, under and by agreement entered into between said defendants and said defendant R. J. Heeney, said Heeney agreed to surrender said promissory note sued upon in this action and cancel the same." There is no allegation in the answer of any defect or illegality in the note, or that the plaintiffs had any knowledge of the agreement just mentioned. The record shows that during the month of July, 1927, the defendant R. J. Heeney purchased an automobile from the plaintiff for the sum of $1,940.50, and as the principal consideration for the purchase thereof indorsed and delivered to the plaintiff the promissory note herein set forth. The date of the note and its indorsement to the plaintiff show that it was indorsed and delivered to the plaintiff a number of months prior to its maturity. A reading of the note shows that it is negotiable in form. The court found, upon conflicting testimony, that the plaintiff had no knowledge of any agreement between the appellants and R. J. Heeney for the cancellation of the note in question. While, as we have stated, there was no pleading on the part of the appellants alleging any illegality, want of consideration or other defect in the note in question, the trial court, over the objection of the plaintiff, allowed the appellants to prove that the appellant and R. J. Heeney had had some dealings in relation to the transfer and delivery of title to crypts in a certain mausoleum, and that in consideration of such transfer the note was to be delivered up to the appellants by the defendant Heeney and canceled. The court found, upon sufficient testimony to support its finding, that the plaintiff had no knowledge of this transaction. Upon this appeal the appellants cite the case of *Union Collection Co.* v. *Buckman,* 150 Cal. 159 [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708], in which

case it is said: "It is settled, even in the case of negotiable paper, where an action is brought by a subsequent holder, when it is shown that the same was obtained from the maker by fraud or duress, or that the consideration therefor was illegal, a *prima facie* case of notice to such holder is made out, and the burden of proving that he took without notice before maturity and for value is thrown upon him." Nothing of that kind appears in this case. The note does not appear to have been executed on account of any fraud, duress or illegal consideration. The infirmity, if any, in the note, so far as the makers and the original holder thereof are concerned, arose from subsequent transactions. The court found, as we have stated, upon conflicting testimony, that the plaintiff had no knowledge thereof at the time of the acceptance of the note, and that the plaintiff received said note for value and in due course of business.

While the appellants raised the question of the indorsement of the note, the note itself bears the indorsement, and the testimony in the record establishes such fact. The record in this case supports the findings of the court necessary to support a judgment in favor of the plaintiff as required by subdivisions 3 and 4 of section 3133 of the Civil Code, to wit, that the plaintiff took it in good faith and for value; that at the time it was negotiated to the plaintiff the plaintiff had no notice of any infirmity or defect in the title of the person negotiating it. And likewise, under the provisions of section 3140 of the Civil Code, which says: "Every holder is deemed *prima facie* to be the holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course.". This burden, the court found, was successfully carried by the plaintiff, and as there is testimony sufficient to support such finding, it is binding here.

As further supporting the judgment in this case, we will cite the case of *Carver* v. *San Joaquin Cigar Co.*, 16 Cal. App. 761 [118 Pac. 92], and the authorities cited on page 769 of 16 Cal. App.

The findings in this case being supported by the testimony, it follows that the judgment should be and the same is hereby affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.