[Civ. No. 3213.  First Appellate District, Division One.—March 3, 1920.]

## C. H. FORSLAND, Appellant, v. NANCE B. FORSLAND et al., Respondents.

[1] HUSBAND AND WIFE—AGREEMENT TO KEEP PEACE—EVIDENCE— FINDING.—In this action to recover a sum of money which had been placed on deposit with a certain bank pursuant to an agreement between the plaintiff and his wife that the latter would not molest or disturb the peace of the plaintiff during an agreed period, the evidence was sufficient to support the finding of the trial court that the wife had not violated the agreement.

[2] ID.—AGREEMENT TO PAY WIFE TO KEEP PEACE—VALIDITY OF.—A contract between husband and wife by which the husband agrees to place a given sum of money in a savings bank, to be turned over to the wife in a year and five days from the date thereof, provided that during said period she does not in any way molest or disturb the peace of the husband, or of any employee of a certain company, it being agreed that if the wife does so disturb the peace of or molest the husband, or any employee of said company, she shall forfeit said sum of money, is legal and binding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Harry I. Stafford and C. J. Stafford for Appellant.

Hugh K. McKevitt and Royal E. Handlos for Respondents.

GOSBEY, J., *pro tem.*—This action arose out of the following facts: C. H. Forsland and Nance B. Forsland were, on the twenty-fifth day of September, 1917, husband and wife. Trouble and differences arose between them which subsequently resulted in their separation by a decree of divorce. Before the divorce was had and as a settlement of certain property rights they entered into the following written agreement:

"This agreement, made and entered into between C. H. Forsland, hereinafter called the first party, and Nance B. Forsland, hereinafter called the second party,

"Witnesseth: That whereas unfortunate differences have arisen between the parties hereto; and

"Whereas, the parties hereto have not lived together as husband and wife for some fifteen months last past; and

"Whereas, the parties hereto entered into an agreement on the 12th day of April, 1917, wherein the first party promised and agreed to pay to the second party for her support and maintenance the sum of $100 per month, payable in advance on the 12th day of each month; and

"Whereas, litigation is now pending between the parties to set aside the agreement settling property rights heretofore referred to as well as to sever the bonds of matrimony now existing between the parties hereto; and

"Whereas the said parties desire to make a more satisfactory and final settlement of their property rights,

"Now, therefore, in lieu of any prior settlement and agreement heretofore entered into between the parties hereto and as a full and complete and final adjustment of their property rights the parties hereto agree as follows:

"In consideration of the cancellation of the prior agreement heretofore made between the parties hereto and the return to the first party of all papers, writings and documents of every kind pertaining to the business of the first party and of the Anti Teredo Paint Company, now in the possession or under the control of the second party, and also those two affidavits made by the stenographer of the Anti Teredo Paint Company reflecting upon the character of the

first party hereto, and the giving up of all further claims against the first party hereto and the Anti Teredo Paint Company, and any claim that the second party might make against the estate of the first party, and the dismissal of the action now pending in the Superior Court of the State of California in and for the city and county of San Francisco, which suit was and is for the cancellation and setting aside of the agreement settling property rights hereinabove referred to, and also in consideration of the turning over to the first party of all of the papers, writings, documents and affidavits hereinabove referred to, the first party hereby agrees to pay to the second party the sum of four thousand dollars, and the further sum of $200 as and for her counsel fee, upon the receipt by the first party of the aforementioned papers, and also agrees to place an additional sum of one thousand dollars in a savings bank, to be turned over to the second party in a year and five days from the date hereof, provided that during the said year and five days the second party shall not in any way molest or disturb the peace of the first party, or of any employee of the Anti Teredo Paint Company, it being distinctly understood and agreed that if the second party does so disturb the peace of or molest the first party, or any employee of the Anti Teredo Paint Company, as aforesaid, during said period, she shall forfeit the said one thousand dollars, otherwise at the end of said period the said sum of one thousand dollars shall be paid over to the second party.

"And in consideration of the foregoing payment to her by the first party of the sum of four thousand dollars, and the further sum of two hundred dollars for her counsel fee, and the further sum of one thousand dollars upon the conditions hereinbefore set out, the second party hereby consents to accept the said sum of five thousand dollars so paid as aforesaid in full settlement of all demands and claims of every character and description which she now has or may have against the first party and the Anti Teredo Paint Company, and she hereby renounces all claims against the estate of the said first party, all letters, papers, documents and contracts of every character and description pertaining to the business of the first party, or of the Anti Teredo Paint Company and the affidavits aforesaid.

"In witness whereof the parties hereto have set their hands this 25th day of September, 1917.

"C. H. Forsland.        (Seal)
"Mrs. N. B. Forsland.    (Seal)"

On the first day of October, 1918, the plaintiff filed his complaint herein, alleging that he had deposited one thousand dollars with the Humboldt Savings Bank "upon the understanding and agreement with said Nance B. Forsland that she would return to said plaintiff certain documents, letters, papers, contracts and formulas for the making of paint, and also that the said defendant Nance B. Forsland should not disturb the peace of the said plaintiff or molest any employee of said plaintiff"; that said bank would pay the said sum of one thousand dollars to said Nance B. Forsland unless restrained by the court. Plaintiff further alleges "that ever · since the execution of the said agreement as aforesaid the said Nance B. Forsland has willfully failed, refused and neglected to return to said plaintiff any such contracts, papers and formulas as provided for in said agreement, and that said Nance B. Forsland in addition thereto has on several times and occasions violently disturbed the peace of plaintiff and called the said plaintiff names and spoken scandalously about plaintiff, thereby violating the terms of the said agreement." The plaintiff prays judgment declaring that said Nance B. Forsland has no right or claim to the said one thousand dollars, but that the same be paid to himself. The defendants deny each and all of the allegations of the complaint. Nance B. Forsland, however, as a separate defense and by way of cross-complaint, admits that she made and executed said agreement, which she sets out *in haec verba* in her answer. She alleges that all of the conditions of said agreement on her part to be kept and performed were kept and performed by her; that on the thirtieth day of September, 1918, she was entitled to receive said sum of one thousand dollars, but that no part thereof has been paid to her.

During the progress of the trial of the action testimony was given by the plaintiff that said Nance B. Forsland had looted his safe and taken many letters, papers, checks, contracts, etc., from him. While inquiries were being made as

to the taking away of these papers, etc., the trial court concluded that further proceedings along this line were not necessary, holding that the payment of the four thousand dollars mentioned in the agreement had to do only with the return of said papers, contracts, etc., while the payment of the one thousand dollars was only in reference to another and entirely different matter, namely, that said Nance B. Forsland would not molest or disturb the peace of the plaintiff or any employee of said paint company. Upon this latter issue the court gave judgment for the defendant, Nance B. Forsland. From said judgment the plaintiff has appealed.

Notwithstanding the announcement of the trial court relative to the only issue to be considered by it in the trial of the action, we find in the record on appeal the following finding made by the court: "That ever since the execution of said agreement said Nance B. Forsland has not willfully refused or neglected to turn over to said plaintiff papers or formulas as provided in said agreement; that no demand has been made upon her so to do." The court furthermore found that said Nance B. Forsland did not during said period of one year and five days mentioned in said agreement, on several occasions, or at all, disturb the peace of plaintiff, or violate the terms of said agreement. Upon this latter finding and the conclusions of law based thereon the court must have rendered its judgment.

The record presented to this court shows a confusion as to the issues raised by the pleadings, the findings of fact and the judgment rendered thereon. Yet the ruling of, and the position taken by, the trial court at the time of the trial in eliminating all consideration with reference to the payment of the four thousand dollars and the surrender of said papers and documents were assented to and approved by the attorneys representing the respective parties to the action. In view, therefore, of the construction placed upon the said agreement by the said court we shall give no further consideration to this feature of the transaction.

The appellant seeks to set aside said judgment upon two grounds, which we deem are the only ones of sufficient importance to be considered, viz., first, that the evidence is

insufficient to support the judgment, and, second, said agreement is void for lack of consideration therefor.

[1] As to the first ground, the record does not show that said Nance B. Forsland ever in any manner or at any time, in the presence of either the plaintiff or any employee of said paint company, did or said anything to molest or disturb the peace of the said plaintiff or of said employee. There is evidence, however, that Nance B. Forsland did at one time make some remarks to a third party about the plaintiff, but there is a conflict in the testimony as to the words she uttered. The trial court decided that whatever words said Nance B. Forsland may have spoken concerning the plaintiff to such third party did not molest or disturb the peace of the plaintiff. We shall not interfere with the conclusion reached by the trial court in this particular.

As to the second ground, we find the plaintiff has put himself in a rather embarrassing position and should not now be heard to complain. In his complaint the plaintiff demanded that said one thousand dollars be returned to him because Nance B. Forsland had violated said agreement by molesting him and disturbing his peace, and insisted upon the enforcement of said agreement as set out in his complaint. When the trial court made its ruling and gave its construction to said agreement and rendered its judgment thereon, then for the first time plaintiff claimed that the said agreement is void for the reason recited in his specification of error, viz., that said agreement was wholly void for lack of consideration.

The trial court made no finding whatever as to the consideration mentioned in or connected with said agreement; no issue was made or presented regarding a consideration. Plaintiff should not be permitted to attempt to enforce his own cause of action on one ground, and then attempt to defeat it on another ground. Such inconsistent positions cannot be upheld.

[2] Contracts of the nature of that portion of said agreement, wherein the one thousand dollars is involved are legal and binding. (13 Corpus Juris, 329; *Sharon* v. *Sharon,* 68 Cal. 29, [8 Pac. 614].)

We are satisfied from an examination of the record in this cause that there is sufficient evidence to sustain the finding

in regard to the one thousand dollar portion of said agreement and to uphold the court in its judgment.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1920.

All the Justices concurred, except Shaw, J., and Wilbur, J., who were absent.