Filed 9/26/16  P. v. Owens CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063902 |
| v. | (Super.Ct.No. RIF1301686) |
| PHILIP COLE OWENS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed and remanded with directions.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Allison V. Hawley, Samantha L. Begovich, and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, defendant and appellant Philip Cole Owens pled guilty to two felony second degree burglaries of Kohl's and one felony second degree burglary of Sears. (Pen. Code,[1] § 459.) Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which, among other things, established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (§ 1170.18.) Defendant filed a petition for resentencing, pursuant to section 1170.18. The trial court found him ineligible for relief and denied the petition. The minute order states, "Amount of loss was $3159.95 - exceeds $950." Defendant appeals, arguing there was insufficient evidence to demonstrate that any one conviction involved the theft of property worth more than $950. We agree and reverse the court's order with directions to determine whether defendant satisfies the criteria for resentencing. (§ 1170.18, subd. (b).)

## I. PROCEDURAL BACKGROUND AND FACTS

On March 4, 2013, the Riverside County District Attorney charged defendant with five counts of felony second degree burglary. (§ 459.) In four of those counts, the victim was Kohl's (counts 1, 2, 4, 5); in the other, it was Sears (count 3). Defendant pled guilty to three of the five counts (the Sears burglary and two of the Kohl's burglaries) and admitted to five prison priors. The court dismissed the remaining two burglaries against Kohl's (counts 1, 4). Defendant entered *Harvey*[2] waivers on the dismissed counts,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

allowing the court to impose restitution "attributable to [any] count dismissed pursuant to a plea bargain." (§ 1192.3, subd. (b).)

On March 20, 2013, the court sentenced defendant to six years in state prison. At the sentencing hearing, a Kohl's representative requested restitution in the amount of $3,159.95. There was no discussion of how much of that total represented the value of the stolen property for any one of the four separate burglary counts where Kohl's was the victim. The People's sentencing memorandum also requested defendant pay $3,159.95 to Kohl's. Likewise, the memorandum did not discuss how this total related to the value of the stolen property in the four separate counts. The court ordered defendant pay $3,159.95 in restitution to Kohl's.

On February 20, 2015, Owens filed a petition for resentencing on his burglary convictions under section 1170.18, subdivision (a). His petition states he "believes the value of the check or property does not exceed $950." The People responded by filling out a form and checking the box stating that defendant was "*entitled* to resentencing," as well as the box waiving their presence at the resentencing hearing and "agree[ing] the court may re-sentence."

On May 5, 2015, the court issued an order denying the petition. The handwriting on the order denying the petition noted, "Amt. of loss was $3,159.95 - Exceeds $950.00. Not eligible." Owens appealed.[3]

_____

**3** Defendant's notice of appeal contained a request for a certificate of probable cause, in which he declared: "Although I accepted a plea bargain on this case, the fact of the matter is that this was actually several petty thefts combined. I admit to stealing a

*[footnote continued on next page]*

3

## II.  DISCUSSION

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092)

Proposition 47 added section 459.5 (creating shoplifting as a crime).  Section 459.5, subdivision (a), defines shoplifting, as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950) . . . ."  The newly enacted statute also provides that the act of shoplifting "shall be charged as shoplifting" unless the defendant has a disqualifying prior conviction (i.e., a conviction for an offense listed in § 667, subd. (e)(2)(C)) or a sex offense requiring registration pursuant to section 290, subdivision (c), and a defendant may not be charged with burglary or theft of the same property.  (§ 459.5, subds. (a), (b).)

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
few vacu[u]ms from Khols [*sic*].  However, none of the vacu[u]ms were valued at over $700.00."

4

It is a well-settled principle that "'"[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.'" [Citation.]" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); see *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; see also Evid. Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting"].) Consistent with this principle, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow*, *supra*, at p. 878.) Where, as in this case, the critical factual issue is the value of stolen property, defendant must "show the property loss . . . did not exceed $950." (*Id.* at p. 877.) Likewise, he must show that the commercial establishment was open at the time of the burglary.

Defendant's petition states his belief that the "value of the . . . property does not exceed $950." The People waived their presence at the resentencing hearing and agreed that defendant was entitled to resentencing. The trial court reviewed the record and found that the amount of loss, $3,159.95, exceeded the statutory limit of $950. Defendant contends there is insufficient evidence to support this finding. He argues the court relied on the restitution order and improperly aggregated the convictions to reach its ruling on value. We agree.

We review the trial court's ruling on a Proposition 47 petition for abuse of discretion. However, we apply the substantial evidence standard of review to the facts or evidence supporting the court's finding. (*People v. Semaan* (2007) 42 Cal.4th 79, 87.) This standard requires us to determine whether the record contains evidence that is

5

"reasonable, credible, and of solid value" to support the trial court's finding. (*People v. Hovarter* (2008) 44 Cal.4th 983, 996-997; see *People v. Pearson* (1969) 70 Cal.2d 218, 221, fn. 1 [appellate review is confined to the record].) "[T]he word [substantial] cannot be deemed synonymous with 'any' evidence. It must be reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case." (*Estate of Teed* (1952) 112 Cal.App.2d 638, 644.)

Defendant sought resentencing on multiple convictions. Under section 459.5, subdivision (a), defendant would be entitled to resentencing for misdemeanor shoplifting on his three felony burglary convictions if the merchandise he stole from Kohl's and Sears in each offense did not exceed $950 in value and if he committed each offense while the stores were open for business. In this case, the trial court found defendant to be ineligible for resentencing on his three convictions because the loss was $3,159.95. However, there were no witnesses and the only evidence the court considered was an order requiring defendant to pay $3,159.95 in restitution to Kohl's. The fact that the court ordered defendant to pay a lump sum of $3,159.95 in restitution for five commercial burglaries does not supply substantial evidence that any one of the three burglary convictions involved theft of property exceeding $950.

First, only two of the three convictions involved burglaries of Kohl's. Defendant's third conviction was for burglary of Sears, and therefore the Kohl's restitution order was irrelevant to that conviction. Because there is no evidence in the record relating to the value of the merchandise defendant stole from Sears, we cannot uphold the court's ruling that the Sears conviction involved a loss exceeding $950.

6

Second, when a petitioner seeks resentencing on multiple convictions, the court must consider the amount of loss in each conviction separately and cannot deny resentencing based on an aggregated amount. (See *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309-1310 [court may not aggregate the amounts of the forged checks from separate forgery convictions to hold defendant ineligible for resentencing].) Applying that rule here, while the $3,159.95 amount is relevant to the two Kohl's burglary convictions, there is no evidence in the record indicating how that amount relates to the individual counts. Because defendant was also charged with two other burglaries of Kohl's and because he entered a *Harvey* waiver allowing the court to consider those counts for sentencing purposes, the $3,159.95 amount may represent the total loss from all four burglaries and, consequently, may relate to those four counts in various ways. For example, defendant may have stolen exactly $790 in merchandise on each occasion; or, he may have stolen $50 worth of merchandise on three occasions and $3,009.95 on the fourth. The possible scenarios are numerous.

While it is certainly possible defendant stole more than $950 worth of merchandise in one or both of Kohl's burglaries conviction, there is no evidence suggesting any sort of monetary breakdown among the four charged Kohl's burglaries. Without any evidence of how much of the total sum of $3,159.95 relates to defendant's two Kohl's convictions, we cannot conclude there is substantial evidence to support a finding that either conviction involved an amount exceeding $950. We therefore conclude there is insufficient evidence to support a finding that defendant's three burglary convictions involved losses exceeding $950.

7

In ruling on Proposition 47 petitions, the trial court has discretion to allow a petitioner to amend a petition or submit additional evidence, to resolve a petition by looking to court records, and to order a hearing. (§ 1170.18.) Here, the court concluded the restitution order was sufficient to determine defendant's eligibility. Because this conclusion was incorrect, we leave it to the trial court to determine whether other evidence in the record supports an eligibility determination, whether to allow the parties to submit additional evidence, and whether to hold a hearing to assist the court in making the factual findings necessary to determine whether defendant is eligible.[4] Accordingly, we return the matter to the trial court for further development of the factual record. (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 892 ["Under the resentencing procedure in section 1170.18, [the value of stolen property] is a factual finding that must be made by the trial court in the first instance."].)[5]

---

[4] An alternative to this approach would be for us to review the record, and make a ruling. While defendant's petition alleges that he "believes the value of the check or property does not exceed $950," defendant did not submit supporting evidence to prove that assertion, or to show he committed the burglary while the establishment was open during regular business hours. In the absence of supporting evidence, defendant's petition could be properly denied; defendant failed to show his felony convictions would have been misdemeanors had Proposition 47 been in effect at the time of his conviction. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; *People v. Perkins* (2016) 244 Cal.App.4th 129, 135-137.)

[5] The concurrence believes that "this opinion satisfies several of our publication criteria and should be certified for publication."(Conc. opn., p. 13.) We disagree. (Cal. Rules of Court, rule 8.1105(c).) We also part ways with some aspects of the concurrence's analysis though we agree on the disposition. We decline, however, to engage in any further discussion of these issues. The majority's opinion addresses all the issues necessary for the disposition of this appeal. Any further comment would be dictum. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 474-475, pp. 532-533

*[footnote continued on next page]*

III.  DISPOSITION

We reverse the order denying defendant's petition for resentencing and remand the matter for proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

I concur:

MILLER

J.

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
[dictum is a statement that expresses a court's view on an issue; however, it is not necessary to the decision].)  Additional discussion would, in our view, provide no useful guidance for future litigants, but only further muddy the already murky waters of Proposition 47 jurisprudence.

Slough, J., Concurring.

I agree with the majority's decision to reverse the denial of Owens's Penal Code section 1170.18 petition on the grounds insufficient evidence supported the value finding and the trial court improperly aggregated the amounts of loss from multiple thefts. I write separately because the majority leaves wholly unaddressed two major issues the parties raise in this appeal—the sufficiency of Owens's petition and the import of the People's concession that he is entitled to resentencing. These are recurring issues and merit our analysis.

In late 2012 and early 2013, Owens committed a string of department store thefts. The appellate record reflects that he stole vacuum cleaners, each worth less than $700, from Sears and Kohl's. Owens pled guilty to three felony second degree burglaries, but after the voters passed Proposition 47 he petitioned the court to reduce those burglaries to shoplifting offenses under section 459.5.[1] In their response to his petition, the People affirmatively represented to the trial court Owens was entitled to resentencing and waived their presence at the resentencing hearing.

Unsurprisingly, the focus of the briefs, our tentative opinion, and oral argument was the effect of the People's representations to the trial court in their response form. In their brief, the People urged us to affirm the trial court's erroneous determination of eligibility on the sole ground that Owens's petition was insufficient. They argued Owens

_____

[1] Unlabeled statutory citations refer to the Penal Code.

1

failed to satisfy the prima facie burden articulated in *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*) because his petition contained no evidence regarding the value of the stolen merchandise. Owens responded that the People had forfeited any challenge to the sufficiency of his petition by failing to raise the issue below and instead representing to the trial court that he was entitled to relief.

At oral argument, the People agreed their concession had discharged Owens's prima facie burden and they withdrew their argument that we must affirm the court's order based on the lack of evidence in the petition. Asked by this court at oral argument if they viewed the representations in their response form as a concession of Owens's eligibility, counsel for the People responded, "Yes, Your Honor, I do in this case." Counsel added, "I do see pretty clearly that the district attorney's representation by checking both of those boxes makes it pretty clear that they were conceding that appellant met the elements that are required to establish Proposition 47 relief."

Despite this procedural history and the parties' agreement with the tentative, my colleagues have opted to file a new majority opinion and abstain from addressing the effect of the People's response form. This is unfortunate because we have seen a number of cases where the People concede eligibility in the trial court only to contest the sufficiency of the petition for the first time on appeal. Because eligibility concessions are a recurring issue and California's courts will face an enormous number of Proposition 47 cases over the next few years, I believe it is imperative to provide guidance to the parties and the trial court.

2

For reasons I explain *post*, I would conclude the pleadings, taken together, discharged Owens's prima facie burden and thereby required the court to consider the petition's merits. Even without the concession, I would conclude Owens's failure to attach evidence to his petition is not fatal because the record demonstrates a reasonable possibility he could amend his petition to cure any deficiency.

A. *The People's Concession Discharged Owens's Prima Facie Burden*

A trial court need not consider the merits of a Proposition 47 petition unless the petitioner has made a prima facie showing of eligibility. (*People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*); *Perkins*, *supra*, 244 Cal.App.4th 129.) In *Perkins*, this court held that to satisfy this initial burden, the petitioner must attach to his petition "some evidence" of eligibility. (*Perkins*, *supra*, at p. 137.) Owens filed a petition alleging the amount of loss in his burglaries did not exceed $950. The petition took the form of a declaration under penalty of perjury that appears to be signed by Owens's attorney. The People responded in a filing signed by a deputy district attorney that Owens is entitled to resentencing. They waived their right to be present at the resentencing hearing and affirmatively agreed the court may resentence Owens. This case raises the question of how the People's concession that a petitioner is entitled to relief affects the petitioner's initial burden. Although both parties briefed this issue on appeal, the majority opinion does not address it.

It is a basic, well-settled principle that a party's duty to set out a prima facie case may be discharged by the opposing party's concession. As our high court long ago

3

explained, "when the [party who carries the burden] has proved *or the* [*opposing party*] *has conceded*" an element of a claim "a prima facie case . . . is thereby made, which *discharges the burden of proof.*" (*Graham v. Larimer* (1890) 83 Cal. 173, 177-178, italics added; accord, *Wellpoint Health Networks, Inc. v. Superior Court* (1997) 59 Cal.App.4th 110, 123 [the opposing party's "concession established the facts necessary to support a prima facie claim of privilege . . . and passed the burden to [the party opposing privilege]"].) The function of pleadings is to aid the court in determining which factual issues are in dispute. (*People v. Duvall* (1995) 9 Cal.4th 464, 480 (*Duvall*) [habeas pleadings "fulfill [the] function of narrowing the facts and issues to those that are truly in dispute"].) "The initial screening of the petition for resentencing is similar to the initial screening of a petition for writ of habeas corpus. California Rules of Court, [r]ule 4.551(f) provides that '[a]n evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.'" (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 39, at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 31, 2016].)

The pleadings in this case, taken together, conveyed to the trial court there were no disputed material facts regarding Owens's eligibility. The petition declared the burglaries did not involve losses exceeding $950 and the People agreed those burglaries should be reduced to shoplifting offenses. I would apply the above pleading principles to section

4

1170.18 petitions and hold that the People's concession to Owens's petition discharged the prima facie burden thereby requiring consideration of his petition on the merits.

The majority's refusal to address the effect of the People's concession on the *prima facie burden* is perplexing because my colleagues and I recently held in a different case that the People's concession satisfied the petitioner's *ultimate burden* on a section 1170.18 petition. In *People v. Mutter* (2016) 1 Cal.App.5th 429, we concluded the People's agreement that the amount of loss was less than $950 satisfied the petitioner's ultimate burden to prove his forgery conviction qualified for resentencing under Proposition 47. (*Id.* at p. 436.) In reversing the denial of Mutter's petition, we explained: "There was no evidence provided at the trial court that the amount of counterfeit currency was less than $950. [Citation.] However, the prosecutor argued the value was, at most, $700. Because the prosecutor affirmatively agreed the value of the counterfeit bills was less than $950, thus reflecting there was no issue as to value in the trial court, we will find the value element has been satisfied." (*Ibid*.) As support for the principle that a finding of fact may be based on a party's concession, we cited *People v. Peters* (1950) 96 Cal.App.2d 671. In *Peters*, the First Appellate District explained in the context of a homicide trial, "[i]t is elementary that in a homicide case the fact that the deceased met his death through the act or agency of the defendant must be proved. . . . [H]ere, the cause of death was not proved by evidence. However, the cause of death is a *fact*, which, *like every other fact*, *need not be proved*, even in a criminal case, *if admitted or conceded* by defendant." (*Id*. at p. 675, italics added.)

5

I am therefore at a loss as to how my colleagues can hold the People's concession mattered in *Mutter*, but refuse to do so here, and even entertain the possibility of affirming the court's erroneous order on the ground Owens did not attach evidence to his petition. (See maj. opn. *ante*, at p. 8, fn. 4.) If the People's agreement to a fact can satisfy a petitioner's ultimate burden of proving entitlement to relief, *a fortiori* such an agreement can satisfy the lesser burden of demonstrating a reasonable probability of entitlement to relief. As our rules of evidence recognize, there is no reason to demand evidence to support points an opposing party concedes or admits. (See Evid. Code, § 210 ["'Relevant evidence' means evidence . . . having any tendency in reason to prove or disprove any *disputed fact* that is of consequence to the determination of the action"], italics added.)

Applying the unremarkable proposition that concessions mean what they say is important for enabling the courts to process Proposition 47 petitions efficiently. To conclude otherwise would render the People's response form irrelevant and would increase the need for hearings. The trial courts designed their Proposition 47 forms to supply the information they deemed necessary to deal efficiently with the expected deluge of petitions. Giving meaning to the representations in the pleadings ensures courts will be able to use those forms to expedite consideration of petitions and determine which cases require further fact finding. (See *Duvall*, *supra*, 9 Cal.4th at p. 482 [pleadings "provide a framework in which a court can discover the truth and do justice in timely fashion"].) The instructions attached to Riverside County Superior Court's petitioning

6

form envision a similar outcome.  These instructions inform petitioners:  "If the District Attorney does not oppose resentencing, you will be resentenced to a misdemeanor in accordance with Penal Code § 1170.18 and given credit for time served."  (See Petition for Resentencing—Application for Reduction to Misdemeanor, form RI-CR039, Instructions Sheet, <http://www.riverside.courts.ca.gov/localfrms/ri-cr039.pdf> [as of Aug. 31, 2016].)

I recognize Proposition 47 is burdening prosecutors and defense counsel throughout the state, but the new law is also burdening the courts.  A court is never required to grant a petitioner's request based on the People's representation he is entitled to relief, but it is critical a court *be able* to rely on such a representation.  For this reason, district attorneys must take care in submitting representations in response to section 1170.18 petitions.  This is no different than the obligation they have in any other context.  A prosecutor is "an officer of the court whose representations . . . properly could sustain the court's ruling."  (*People v. Medina* (1995) 11 Cal.4th 694, 731.)  "[A]n attorney ' ". . . owes the duty of good faith and honorable dealing to the judicial tribunals before whom he practices his profession . . .  His high vocation is to correctly inform the court upon the law and the facts of the case, and to aid it in doing justice and *arriving at correct conclusions* . . .  Courts expect even higher ethical standards from prosecutors . . . because of the unique function he or she performs in representing the interests, and in exercising the sovereign power, of the State.  [Citation.]" ' "  (*People v. Uribe* (2011) 199 Cal.App.4th 836, 884-885, italics added.)  As a result, a district attorney's waiver of

presence at a resentencing hearing and representation to the court that a petitioner is entitled to resentencing is "virtually made under oath." (*Holloway v. Arkansas* (1978) 435 U.S. 475, 486.) The attorney general's acknowledgement of the district attorney's concession at oral argument in this case is a good example of adherence to those obligations.

Accordingly, I would hold the pleadings in this case discharged Owens's prima facie burden and triggered the court's duty to make a factual determination on the merits of the petition. Once the trial court is faced with determining eligibility under section 1170.18, subdivision (b), it can proceed in one of two ways. It can review the submissions and its own files and make a factual determination based on substantial evidence, or it can hold a hearing to give the parties an opportunity to present evidence and argument concerning eligibility. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [once "the initial showing [has been made] the court can take such action as appropriate to grant the petition or permit further factual determination"].) Because the pleadings demonstrated the court should consider the merits of the petition and the record apparently contained only the restitution order, which is not substantial evidence of Owens's eligibility, in this case the trial court should have held a hearing.

B.     *Owens Can Amend His Petition to Cure Any Defects*

The second issue the majority leaves unanswered is whether, assuming the concession did not discharge the initial burden, we are required to affirm the trial court's order based on the lack of evidence in Owens's petition. The question warrants an

8

answer for multiple reasons. First, the parties briefed this issue on appeal. Second, as an appellate court, we are constrained to affirm a trial court's ruling so long as there is any correct basis to support it. (E.g., *ASP Properties Group, L.P. v. Fard, Inc.*, (2005) 133 Cal.App.4th 1257, 1268.) Third, this court frequently affirms otherwise erroneous denials of Proposition 47 petitions based solely on a petitioner's failure to attach evidence to his petition. If the majority is parting ways with that type of affirmance—and I think we would be wise to do so in many cases, for the reason explained *post*—that decision calls for discussion.

For all of these reasons, I address whether we are required to affirm based on Owens's failure to attach evidence to his petition, and my answer is no. Even if I ignore the People's concession, I nevertheless cannot conclude the petition is fatally defective because Owens can cure his failure to provide eligibility evidence through amendment.

In general, courts are required to liberally allow pleading amendments, permitting them whenever it is *reasonably possible* a party can cure an insufficiency. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386 (*Careau*) [failure to grant leave to amend complaint where there is a reasonable possibility the plaintiff can cure the defect "is an abuse of discretion"]; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028; see also 4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Pretrial Proceedings, § 242, p. 501 [accusatory pleadings]; *Duvall*, *supra*, 9 Cal.4th at p. 482 [habeas petitions].) As our high court explained in *Duvall*, "[a]ny judge, at any time before or after commencement of trial, in

the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading. . . . Retention of this power [in the habeas context] is necessary to ensure that technical and inadvertent pleading errors do not lead to premature dismissals that would frustrate the ends of justice or require holding unnecessary evidentiary hearings that would squander scarce judicial resources." (*Duvall*, at p. 482.)

Where "the trial court never reached the sufficiency of . . . particular allegations" such that the party never had the opportunity to make "a showing below as to how he could amend," the reviewing court can determine on appeal whether allowance of amendment is required. (*Kong*, *supra*, 108 Cal.App.4th at pp. 1042-1043, 1048 [reversing order sustaining demurrer and directing trial court to allow amendment because plaintiff's representations at oral argument indicated he could amend to state a cause of action].) I see no reason to employ a different standard in handling Proposition 47 petitions.

"[T]he general rule requiring the pleading of facts should not be enforced in such a draconian fashion so as to defeat the ends of justice." (*Duvall*, *supra*, 9 Cal.4th at p. 485.) Here, although the trial court never reached the legal sufficiency of Owens's petition, the appellate record demonstrates Owens could easily amend his petition to satisfy the standard set forth in *Perkins*. Owens's notice of appeal contained a request for a certificate of probable cause in which he declared under penalty of perjury that he committed "several petty thefts" by "stealing a few vacuums," none of them worth more

than $700.  By including this information in his petition in the form of a declaration, Owens would satisfy the requirement that he provide "some evidence" on the nature of his convictions that, if true, would entitle him to relief.  (*Perkins*, *supra*, 244 Cal.App.4th at p. 137; see also *Careau*, *supra*, 222 Cal.App.3d at p. 1391 ["On appeal, it is not our task to be concerned with the possible difficulty or inability of proving such allegations"].)

It is particularly important to recognize the right to amend when the alternative is a petitioner loses his potentially meritorious right to resentencing.  "An amendment should be allowed where the defect, though one of substance, may possibly be cured by supplying omitted allegations, and the plaintiff has not had a fair opportunity to do so." (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 995, p. 407, citing *MacLeod v. Tribune Publishing Co.* (1959) 52 Cal.2d 536, 542.)

The petition Owens used in this case, the Riverside County Superior Court's mandatory form, contains no indication the law requires petitioners to include any support whatsoever for the boxes they check.  (See Petition for Resentencing— Application for Reduction to Misdemeanor, form RI-CR039 <http://www.riverside.courts.ca.gov/localfrms/ri-cr039.pdf> [as of Aug. 31, 2016].) Indeed, even the text of the statute does not inform the petitioner evidence is required at the pleading stage.  Section 1170.18, subdivision (a) states only that an offender may "petition for a recall of sentence."  The requirement to attach evidence to a petition arose after the passage of section 1170.18, when appellate courts put a gloss on the statutory

11

text.  (*Sherow*, *supra*, 239 Cal.App.4th 875; *Perkins*, *supra*, 244 Cal.App.4th 129.)  In *Sherow* and *Perkins*, the appellate courts recognized the unfairness of enforcing this rule against petitioners with no notice of its effect by opting to affirm orders denying petitions without prejudice to refiling a subsequent, properly supported petition.  (*Sherow*, at pp. 880-881; *Perkins*, at p. 140.)

It is my view that appellate courts should not affirm otherwise erroneous denials of Proposition 47 petitions on the sole ground the petition lacked evidence, if there is a reasonable possibility the petitioner could amend his petition to meet his prima facie burden.[2]  In most cases, the remedy is simple and at the petitioner's fingertips.  All the petitioner would have to do is file a petition containing his declaration of the nature of his offense and the amount of loss involved.  (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [recognizing that while there is typically "no record of value in the trial record," a petitioner "knows what kind of items he took"].)

I would therefore reverse the trial court's order denying Owens's petition and remand for further proceedings.  On remand, I would allow the trial court to exercise its discretion whether determining eligibility requires augmentation of the factual record and, if so, whether to accomplish that end by ordering Owens to amend his petition or

---

[2]  Because I hold this view, I disagree with the dicta in footnote 4 of the majority opinion that we could have affirmed the trial court's erroneous order on the ground Owens failed to attach evidence to his petition.  (Maj. opn. *ante*, at p. 8, fn. 4.)  The People's eligibility concession and the requirement to allow amendment preclude affirmance on that ground.  My opinion is a concurrence and not a dissent, however, because I agree with the majority's ultimate disposition to reverse and remand the matter for further proceedings.

12

ordering the parties to supplement the record at an evidentiary hearing. (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 108 ["[T]rial courts have substantial flexibility to devise practical procedures to implement Proposition 47, so long as those procedures are consistent with the proposition and any applicable statutory or constitutional requirements"].)

As a final point, I believe this opinion satisfies several of our publication criteria and should be certified for publication. To date, I am aware of no published case (1) holding aggregation is improper in the context of shoplifting under section 459.5; (2) containing the in-depth substantial evidence analysis found in the majority opinion; or (3) providing guidance on the treatment and interpretation of pleadings under section 1170.18. (Cal. Rules of Court, rule 8.1105(c)(2), (3), (6) & (9).)

SLOUGH _____
                                                        J.